## EUBANK *v.* THE STATE.

In a trial on an indictment which charges the defendant with having committed an act of trespass on the lands of J. M. and E. F. M., it is error to charge the jury that they would be authorized to convict the defendant on proof that the trespass was committed by him on the land of J. M. or E. F. M.

Argued October 3, — Decided October 13, 1898.

Certiorari.   Before Judge Beck.   Pike superior court. April term, 1898.

*J. J. Rogers,* for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general,* and *S. N. Woodward,* contra.

LITTLE, J.   The plaintiff in error was indicted in the superior court of Pike county for the offense of trespass, under § 717 of the Penal Code.   The indictment charged the particular act of trespass to be, that the defendant did "wilfully and mali-

ciously sever from the land of Josh Martin and from the land of
E. F. Martin, the produce growing on said land, and the prop-
erty of said Josh Martin, and the property of said E. F. Martin,
said produce being cotton which was then and there growing on
said land." The case was transferred and tried in the county
court of Pike county, and resulted in a verdict of guilty. The
defendant filed a petition for certiorari, in which he avers that
the verdict rendered by the jury and the judgment imposed are
contrary to law and the evidence. The petition further alleges
that the court erred in admitting as evidence on the trial of the
case, over his objection, a plat and boundary-lines made by the
county surveyor, under apparently regular proceedings, proces-
sioning the land of E. F. Martin, because to the return of the
processioners a protest had been filed, and proceedings arising
under the protest were then pending in the superior court. The
petition further alleged, that the court erred in giving to the
jury the following charge: "If you should believe from the
testimony that said cotton was growing upon the land of E. F.
Martin or Josh Martin, and it was severed therefrom by the
said A. E. Eubank, then you would be authorized to find him
guilty." Several other grounds of error were set out in the pe-
tition, but we do not find it necessary to specifically consider
them, as our ruling determines the case in favor of the plaintiff
in error, and the determination of the other questions involved
is not necessary for the purposes of another trial. On the hear-
ing, the certiorari was overruled, and the plaintiff in error ex-
cepted.

　　The charge of the court complained of was error. The bill
of indictment charged one act of trespass, and that act as having
been committed on the land of Josh Martin and E. F. Martin.
The evidence distinctly showed that Josh Martin did not own
the land upon which the trespass was alleged to have been com-
mitted, but that E. F. Martin did. The former testified that
he had no interest in it, nor in the crops grown on the land in
the year the trespass was alleged to have been committed. In
a civil action for trespass, Mr. Greenleaf says, a variance in the
description of the locus in quo is available to the defendant,
under the plea of not guilty, as the allegation of place, in an ac-

tion of trespass quare clausum fregit, is essentially descriptive of the particular trespass complained of. (2 Greenleaf, Ev. §625.)

Criminal laws are to be strictly construed, and in charging an offense which involves the liberty of a citizen, all the averments. which go to make up the charge must be proven as made; otherwise the accused would not be put on notice of what he was. called on to answer, and would have no opportunity to prepare his defense. In general, a variance in the proof of ownership· will vitiate the indictment. 1 Bishop, New Cr. Proc. §582. See also authorities cited in the same volume, p. 309.

The exception taken to the admission of the plat and return of the processioners can not be considered, because no specific· objection appears to have been made to its admission. It may be stated, however, in passing, that such papers are not held. even prima facie correct where a protest has been filed to the· return and is pending; and the return does not become conclusive until made the judgment of the court. *Howland* v. *Brown,* 92 *Ga.* 513.

Because of the error in the charge, as above set out, the judg- ment of the court below in overruling the certiorari is

*Reversed. All the Justices concurring.*