BARNWELL v. MARION.

1. APPEAL—JURISDICTION.—AN ORDER OF REFERENCE to take testimony assailed for want of jurisdiction is appealable.

2. JUDICIAL NOTICE—CIRCUIT JUDGE.—THIS COURT will take judicial notice that a Circuit Judge is the Judge of a particular Circuit; that he has been assigned to hold the Courts of another Circuit; that the Courts in a certain county were to be holden at a certain time, and that a particular county is a portion of a certain judicial Circuit.

3. JURISDICTION—CHAMBERS—REFERENCE.—A CIRCUIT JUDGE holding Court in another Circuit to which he has been assigned has jurisdiction to hear at chambers, time and place of hearing having been consented to, an order of reference to take testimony, and the fact that the Judge affixed "Circuit Judge" to his name, does not affect it.

| Exceptions. | [58 S. C. |
|---|---|

4. DISCRETION—REFERENCE.—Under facts here, it is not an· abuse of discretion for a Circuit Judge to order a reference to take testimony during pendency of a motion to refer issues to jury.

Before GAGE, J., Charleston, October, 1899. Affirmed.

Foreclosure by Joseph W. Barnwell, trustee, against Sophia Francis Shepherd Marion. The following is the order in question:

"Due notice of the motion for an order of reference having been given in this case on September 20th, 1899, and the time and place for hearing the same having been changed by a consent order dated September 26th, in said year, to this day and place: Now, on motion of plaintiffs' attorneys, no opposition being made thereto, it is ordered, that it be referred to G. Herbert Sass, one of the masters of said Court, to take the testimony in the above case preparatory to the hearing of the case on the merits, and that he report the same at the next term of said Court, this order to be without prejudice to any of defendant's rights to another mode of trial of the issues of fact mentioned in the notice of motion served by defendant upon plaintiffs' attorneys on March 16th, 1899, as to the commissions of the trustee and counsel fees under the mortgage mentioned in the complaint herein. And it is further ordered, in view of the expression of the Supreme Court in the opinion rendered in this case upon the last appeal therein, that the master do forthwith proceed to take such testimony with a view to an early report, at least ten days before the sitting of said Court."

Defendant appeals on following exceptions:

"(1) His Honor, 'Circuit Judge' George W. Gage, being Judge of the Sixth Circuit, had no jurisdiction at chambers at Monck's Corner, in the county of Berkeley, in the First Circuit, on the 11th October, 1899, to pass the said order of reference to master, the Judge of the First Circuit being then within the limits of the First Circuit, in Charleston County.

"(2) His Honor, Circuit Judge George W. Gage, being

Judge of the Sixth Circuit, had no jurisdiction at chambers at Monck's Corner, in the county of Berkeley, in the First Circuit, to pass the said order of reference to a master while there was pending the motion of defendant, served March 16th, 1899, for issues to jury, under 28th rule of Circuit Court, to be heard before the Court of Common Pleas for Charleston County under said rule.

"(3) His Honor, Circuit Judge George W. Gage, erred in granting at chambers said order of reference to the master while there was pending the motion of defendant, served March 16, 1899, for issues to jury, under 28th rule of Circuit Court, to be heard before the Court of Common Pleas for Charleston County under said rule.

"(4) His Honor, Circuit Judge George W. Gage, erred in granting at chambers said order of reference to the master, and thereby compelling defendant to give her testimony on all issues before the master, while there was pending the motion of defendant, served March 16th, 1899, for certain issues to jury, under 28th rule of Circuit Court, to be heard before the Court of Common Pleas for Charleston County under said rule."

*Messrs. Bryan & Bryan,* for appellant.

*Messrs Langdon Cheves* and *Jos. W. Barnwell,* contra, cite: *Order is not appealable:* 36 S. C., 559; 49 S. C., 423; 53 S. C., 129; 43 S. C., 187. *On main question:* 55 S. C., 379; Rev. Stat., 2244; Code, 202; 45 S. C., 8; 46 S. C., 499; Code, 274a.

Aug. 16, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from an order granted by his Honor, Judge Gage, at Monck's Corner, on the 11th of October, 1899, and filed on the 12th of October, 1899. This order is set out in the "Case," and should be incorporated by the reporter in his report of the case, together with the exceptions thereto. It seems

that this order was made at the time and place men-
tioned in pursuance of a *consent* order previously made by
Judge Gage on the 26th of September, 1899, upon the mo-
tion of Messrs. Bryan & Bryan, attorneys for defendant,
with the consent of plaintiffs' attorneys, postponing the hear-
ing of the motion for the order appealed from, on account of
the absence of Mr. J. P. K. Bryan, who was especially
charged with the conduct of the case, from the State, and
ordering "that the hearing of the said motion be postponed
until 10 o'clock A. M., on Wednesday, October 11th, 1899,
and be heard at the court house of Berkeley County, at
Monck's Corner, in State aforesaid, before me." It seems
that, on the 16th of March, 1899, the attorneys for defendant
had given notice of a motion under the provisions of sec.
274a of the Code, for the trial of certain issues of fact to be
tried by a jury, which motion was still pending when the
order appealed from was granted. These issues of fact, as
stated in the proposed order accompanying the notice of the
motion for the trial by a jury of such issues, are: 1st.
Whether the defendant "is liable for any sum for commis-
sions of trustee under said mortgage mentioned in the com-
plaint, and if so, what sum?" 2d. Whether the defendant
"is liable for any sum for attorneys' fees under said mort-
gage mentioned in the complaint, and if so, what sum?" It
may also be stated that it appears from the "Case" that the
action in this case was for the foreclosure of a mortgage on
real estate, situate in the county of Charleston, and was insti-
tuted in the Court of Common Pleas for that county, and is
now, and since the 2d of February, 1898, has been docketed
on Calendar 2 of that Court.

The first exception was manifestly taken under a miscon-
ception of the fact, for there is not only nothing in the
"Case" to show that Judge Benet was within the limits of
the First Circuit, when this case was pending at the time the
order appealed from was granted, but on the contrary, the
telegram from Judge Benet, printed in the "Case," does
show that he was *not* in the First Circuit at that time. And

as counsel for appellant makes no allusion in his argument to the first exception, we presume it has been abandoned, but whether abandoned or not it certainly cannot be sustained.

The other exceptions raise but two points, which are thus stated in the argument of counsel for appellant: 1st. "That his Honor, 'Circuit Judge' Geo. W. Gage, being Judge of the Sixth Circuit, had no jurisdiction at chambers, at Monck's Corner, county of Berkeley, in the First Circuit, on the 11th of October, 1899, to pass the order. 2d. That the 'Circuit Judge' Geo. W. Gage could not compel the defendant to give her testimony on all the issues before the master, while there was pending her motion for issues to the jury, under 28th rule of the Court."

Before considering these points, it may be as well to notice the position taken by counsel for respondents, that the order in question is not appealable, for the purpose of avoiding any misapprehension, and preventing this case from becoming a precedent. In the first place, the order appealed from was practically a consent order. As is stated above, it appears in the "Case" that on the day appointed for hearing the motion for an order of reference to take the testimony, the order of the 26th of September, 1899, was granted, on the motion of Messrs Bryan & Bryan, attorneys for defendant, with the consent of the attorneys for the plaintiffs, whereby the hearing of such motion was postponed until the 11th October, 1899, and it was ordered that the same be heard at the court house of Berkeley County, at Monck's Corner, and to this order is appended a formal consent in these words: "We consent. Bryan & Bryan." And it also appears in the order appealed from that when the motion was heard and granted at the place and on the day thus appointed, it was recited that no opposition was made thereto. In the second place, the order was simply "to take the testimony in the above case preparatory to the hearing of the case on the merits," which decides nothing, and ordinarily was certainly not appealable. We are very much inclined to hold that the order is not appealable. But as the

appeal is based upon what are claimed to be jurisdictional grounds, we will waive this objection and assume, for the purposes of this case only, that the order in question is appealable.

We will, therefore, proceed to consider the two points presented by counsel for appellant in their argument here. The first point rests upon two assumptions of fact: first, that Judge Gage was the Judge of the Sixth Circuit, and that the order was granted *at chambers,* and neither of these facts appear in the "Case" as prepared for argument here. This alone would be destructive of appellant's first point, but we are unwilling to rest our conclusion upon that ground, for the reason that there are certain facts of which this Court will take judicial notice, one of which is that his Honor, Judge Gage, is, and was at the time he granted the order appealed from, the Judge of the Sixth Judicial Circuit. But this is not the only fact which this Court will judicially notice in this case. See 1 Greenlf. on Ev., chapter 2, where the general doctrine on the subject is stated. See, also, 3 Greenlf., sec. 269. As is said in 12 Am. & Eng. Ency. of Law, 1st edit., 182: "The terms of subordinate Courts and the extent of their jurisdiction, as provided by law, are judicially noticed by appellate Courts having their authority within the same territorial limits * * * Courts will also take judicial notice of their own records and officers; of the manner and extent of their jurisdiction * * * whether a judgment was rendered in vacation * * * the terms of Courts," besides a great many other matters. So in 2d Am. & Eng. Ency. of Law (2d edit., p. 173), it is said: "The Court will take judicial notice of an almanac." And in one of the notes to that passage it is said: "The almanac, in such cases, is used like a statute, not strictly as evidence, but for the purpose of refreshing the memory of the Court and jury." See, also, to same effect, *Wilson* v. *Van Leer,* 127 Penn. St., 371, as reported in 14 Am. State Rep., 854, where the subject is discussed and the authorities are cited. Deriving our knowledge from these sources of

information, this Court will take judicial notice of the following facts: that Judge Gage was and is the Judge of the Sixth Judicial Circuit; that in pursuance of the statute, he was regularly assigned to hold the Court of the First Judicial Circuit at the third session thereof in the year 1899; that the day on which the order in question was signed, to wit: the 11th of October, 1899, was the first day appointed by law for holding the Court of Common Pleas for Berkeley County, at Monck's Corner, during that month of that year, and that Berkeley County is one of the counties embraced in the First Circuit. Under these tacts, it is quite clear that, by virtue of the provisions of sections 2248 and 2249 of the Rev. Stat. of 1893, Judge Gage had jurisdiction to make the order appealed from, especially where, as in this case, the time and place for hearing the motion was fixed by consent of the parties. The point made, in the argument, as to the distinction between the "Circuit Judge" and the "Presiding Judge," even if properly raised by the exceptions, is not tenable. As we have seen, Judge Gage was the presiding Judge of the Court of Common Pleas for Berkeley County at the time the order was granted; and certainly the mere fact that he appended to his name the words "Circuit Judge," cannot have the effect of depriving him of jurisdiction to grant the order appealed from. The first point made by appellant must, therefore, be overruled.

The second point is that the defendant could not be compelled "to give her testimony on all the issues before the master while there was pending her motion for issues to the jury, under 28th rule of Court." We are unable to see that this point presents any question of law. Both of the motions, as well that of the defendant as that submitted by the plaintiffs, were addressed to the discretion of the Court; and the Circuit Court might, in the exercise of its discretion, take any course that might seem best calculated to promote the speedy and proper hearing of the case; and so far from there being any abuse of discretion on

30—58

the part of Judge Gage, we think the course he adopted was best calculated to promote the ends of justice; and no error can justly be imputed to him in so doing. Indeed, it seems to us that the case of the *Bank of Hampton* v. *Fennell,* 55 S. C., 379, cited by counsel for respondents, is conclusive of this case, for we are unable to appreciate the distinction sought to be drawn by counsel for appellant between that case and this. As we understand it, the only issues remaining to be determined in this case were as to the amount due on the debt secured by the mortgage sought to be foreclosed; and certainly the two issues which defendant asked to have submitted to a jury for trial, both involved that inquiry.

The judgment of this Court is, that the order appealed from be affirmed. And in view of the fact that this is the third appeal in this case, all involving preliminary questions, and delaying a trial on the merits, the clerk of this Court is hereby directed to send down the *remittitur* forthwith.