MUCKENFUSS v. FISHBURNE.

1. APPEAL—REFERENCE.—An order recommitting an equity cause to take and report other testimony is not appealable, unless for want of jurisdiction, or it deny a mode of trial to which appellant is entitled by law.

2. JURISDICTION—IBID.—CHAMBERS—CIRCUIT JUDGE.—An order recommitting a case for further evidence submitted on call of case, may be made after adjournment of Court, and while the Judge is holding Court in another county or at chambers.

Before TOWNSEND, J., Dorchester, March, 1902. Affirmed.

Foreclosure by Harriet E. Muckenfuss against Helen M. Fishburne and Sophia F. S. Marion. From order recommitting case with instructions, defendants appeal.

No attorney of record for appellants.

*Messrs. Burke & Erckmann* and *Simons, Siegling & Capplemann,* contra, cite: *Order is not appealable:* 21 S. C., 371; 3 S. C., 417; 25 S. C., 41; 33 S. C., 100; 58 S. C., 463. *Judge may hear case and render decision after adjournment:* 21 S. C., 11; 55 S. C., 379.

April 7, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order of Judge Townsend, dated March 13th, 1902, referring it to the master to take and report testimony in addition to the testimony previously taken and reported pursuant to an order of Judge Aldrich, dated February 13, 1901.

An order referring or recommitting a cause to the master to take and report testimony is addressed to the discretion of the Court as matter of administration, for the purpose of preparing for and speeding a hearing of the cause upon its merits. It determines no rights or issues, does not involve the merits and does not effect any substantial right, which in effect determines the action and prevents a judgment. An appeal from such an order will not be entertained unless it operates to deny to a litigant a mode of trial to which he is entitled by law, or unless the order is assailed for want of jurisdiction. *Lowndes* v. *Miller,* 25 S. C., 122; *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Simms* v. *Phillips,* 46 S. C., 149, 24 S. E., 97; *Barnwell* v. *Marion,* 58 S. C., 463, 36 S. E., 818. This action being for the foreclosure of a real estate mortgage, and there being no issue therein which defendant is entitled to have submitted to a jury as matter of right, it only re-

mains to consider the exceptions, in so far as they may raise a jurisdictional question.

The third exception is as follows: "3d. Because his Honor, Judge Townsend, erred in passing said order of March 14th, 1902, at Charleston, S. C., as the Court of Common Pleas for Charleston County had no jurisdiction over these defendants, they being residents of Dorchester County, and the property the subject matter of this suit being also in Dorchester County, and the Court of Common Pleas for said county had adjourned *sine die,* February 22d, 1902, and this cause was continued and the record for the above entitled cause being of file in the Court at Dorchester County." The first difficulty in the way of this exception is that the "Case" does not show that the facts are as alleged in the exception. It appears that the matter of referring the cause to the master was submitted to Judge Townsend while he was holding Court in Dorchester County on the call of the case for trial. If, therefore, it be true that he made the order after the adjournment of the Court for Dorchester and while he was in Charleston, he had power to do so. *Chaffin* v. *Rainey,* 21 S. C., 18. Such an order may be made at chambers. *Bank* v. *Fennell,* 55 S. C., 379, 33 S. E., 485.

The exceptions are overruled, and the order appealed is affirmed.