## DAVIDSON v. COPELAND.

1. REFERENCE—APPEAL.—After report on law and facts and a second order recommitting to same referee to state further evidence and report his conclusions thereon, the referee dying after taking additional evidence but before filing report, an order recommitting to another referee to take further evidence and report same to Court, and providing that case be heard on first report and the evidence so reported, is appealable.

2. JURISDICTION—REFERENCE.—A CIRCUIT JUDGE has no power to change an order of reference, recommitting a case to take further evidence and report thereon his conclusions of law and fact by an order recommitting case to take further evidence, and providing that case be heard on the report previously made and additional evidence taken.

3. REFERENCE.—Testimony taken by a referee and not reported before his death, if clearly identified, may be filed thereafter and treated as evidence in the case.

4. IBID.—DISCRETION.—Within his discretion, a Circuit Judge may order additional evidence taken, if he does not broaden the scope of the reference.

Before DANTZLER, J., Laurens, September, 1903. Modified.

Action by L. H. Davidson against E. W. Copeland. From order of reference, defendant appeals.

*Messrs. F. P. McGowan, Ferguson & Featherstone* and *George Johnstone,* for appellant, cite: Code of Proc., 292; 43 S. E., 311.

*Mr. W. R. Richey,* contra, cites: 34 S. C., 175; 58 S. C., 463; 25 S. C., 119; 65 S. C., 573.

April 23, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action is in equity, but its nature is not disclosed by the "Case" before us. By consent, it was referred to L. W. Simkins, Esq., as special referee, to hear and determine all the issues. The referee made his report, and when it came on to be heard, the defendant made a motion to have the cause recommitted for the purpose of having certain testimony corrected and to take additional testimony. The motion was granted by Judge Gage, who made an order, dated October 23, 1901, referring it to L. W. Simkins, Esq., as special referee, "to take and report such additional testimony as either party may desire to offer, and upon such testimony, together with the testimony heretofore taken in the cause by L. W. Simkins, as special referee, he make his report, deciding all issues of law and fact in the cause and report his conclusions thereon to this Court, &c."

Under this order, Mr. Simkins held one or two references and took considerable testimony, but died before finishing taking the testimony and making his report thereon. Thereafter, on the 26th day of September, 1903, Judge Dantzler, on motion of plaintiff's attorneys, made an order referring to C. D. Barksdale, Esq., as special referee, "to take such additional testimony as either side may desire to offer in this cause, and that the said referee do report the testimony taken by him to this Court, &c." From this order the defendant appeals.

Respondent insists that such an order is not appealable. The general rule on this subject is thus stated in the case of *Muckenfuss* v. *Fishburne,* 65 S. C., 574, 44 S. E., 77:

"An order referring or recommitting a cause to the master to take and report testimony, is addressed to the discretion of the Court as matter of administration, for the purpose of preparing for and speeding a hearing of the cause on its merits. It determines no rights or issues, does not involve the merits and does not affect any substantial right, which, in effect, determines the action and prevents a judgment. An appeal from such an order will not be entertained, unless it operates to deny to a litigant a mode of trial to which he is entitled by law, or unless the order is assailed for want of jurisdiction. *Lowndes* v. *Miller,* 25 S. C., 122; *Furguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Sims* v. *Phillips,* 46 S. C., 149, 24 S. E., 97; *Barnwell* v. *Marion,* 56 S. C., 463, 36 S. E., 818." If, therefore, the order of Judge Dantzler had merely directed the taking and reporting of additional testimony, the position of respondent would be well taken and the order held not to be appealable. But the order of Judge Dantzler went further, and contains the following language: "Mr. Simkins having died before he finished taking testimony, under the second order, I cannot see how the testimony which he did take can be properly gotten before the Court. The testimony taken before Mr. Simkins, under the first order of reference and his report thereon, are now before the Court, and it appears that the defendant desires to offer additional testimony in the case. I assume, therefore, that the defendant is entitled to offer additional testimony in the case, or the said second order of reference would not have been granted. I think, therefore, that the case should be referred to a special referee, to take such additional testimony as either side may desire to offer, and the said case can then be heard by the Circuit Court on the report and testimony filed by Mr. Simkins, and on additional testimony taken under this order." Judge Dantzler, in his order, in speaking of the order of Judge Gage, characterized it as "an order recommitting said cause to Mr. Simkins for the purpose of taking further testimony from either side."

4—69

In so far as appellant's exceptions may be regarded as questioning the power of Judge Dantzler to do more than make an order of reference to take and report additional testimony, and in so far as the exceptions may be deemed to complain that said order might operate to deny appellant a mode of trial to which he is entitled by law, and so deprive him of a substantial right, they may be considered. The exceptions are as follows: ·

"I. Because Judge Dantzler erred in finding as a matter of fact, that Judge Gage had recommitted case to referee only for the purpose of allowing defendant and plaintiff to offer additional testimony, when, in fact, the order shows that it was recommitted not only for said purpose, but also for the purpose of correcting certain testimony already taken, and the said referee was directed to then make up a new report upon testimony theretofore taken and the new testimony so taken.

"II. Because he erred in holding that the testimony taken by the referee under the first order of reference and the report made by him under said order are now before the Court, and that it appears that the defendant now desires to offer additional testimony in the case.

"III. Because he erred in holding that the cause should now be referred to a special referee to take such additional testimony as either side may offer, and in referring said cause to be then heard upon such additional testimony, and the testimony taken and report previously made by the deceased referee. ·

"IV. Because he erred in referring the case to C. D. Barksdale, Esq., to take such additional testimony as either side may offer, when he should have referred the cause to the referee to take the testimony *de novo*.

"V. Because he should have held that the effect of the order of Judge Gage was to refer the case anew to L. W. Simkins, Esq., and that upon the death of said referee before report made, the testimony taken ·and reported previously

made by him were not before the Court, and cannot now be used by the Court upon the trial of the cause.''

The effect of Judge Gage's order was to preserve and retain the *testimony* taken and reported by L. W. Simkins, Esq., but to recommit for the purpose of taking *additional* testimony, and to report his findings of fact and conclusions of law anew upon the issues raised, upon the testimony taken and reported to the Court and upon the additional testimony, practically set aside the referee's report in so far as his findings of fact and conclusions of law were concerned.    The effect of Judge Dantzler's order was to preserve and retain the testimony reported by Mr. Simkins, but was in conflict with Judge Gage's order, in that it preserved and retained the report of Mr. Simkins as to his findings of law and fact.    Thus Judge Dantzler practically reversed Judge Gage's order in this particular, which he had no power to do.    There is no good reason why the testimony taken and reported by Mr. Simkins should not remain as such, but there is much reason why his findings of law and fact recommitted to him should be deemed out of the case, as no one could tell what his conclusions would be in the light of the additional testimony authorized to be taken.

With reference to the testimony taken by Mr. Simkins under the second order, but not reported because of his death before the completion of the reference, there is more difficulty; but, after careful consideration, we think that if it be clearly identified as testimony taken by the referee under the order of the Court and hereafter filed, it may be treated as testimony in the case.    In the case of *Heyward* v. *Middleton,* 65 S. C., 495, 43 S. E., 956, speaking with reference to a report of a master filed after his term of office had expired, the Court said: ''The master had taken the testimony offered by the plaintiff, which was only a part of the work he was directed to do, when his term of office ended and he could proceed no further.    This testimony taken by its officer under its order belonged to the Court, as a part of the record, wherever it might be found;

and even if it was not actually filed until the master's term had expired, this could make no difference." It can do no harm to accept as testimony in this case the testimony taken by Mr. Simkins under the second order of reference, and, for all we know, there may be circumstances, such as death of the witnesses examined, or removal from the jurisdiction, &c., which might make it highly important to the administration of justice to preserve such testimony.

> In the absence of consent of the parties, Judge Dantzler was acting entirely within his discretion, in so far as he ordered additional testimony to be taken and reported and in not broadening the scope of the reference.

We sustain Judge Dantzler's order in so far as it is an administrative order to take and report additional testimony, but in other respects it should be modified in accordance with the views herein announced, and it is so adjudged.