## MACON & BIRMINGHAM RAILWAY COMPANY *v.* ROSS.

LUMPKIN, J.    1. The power of the trial court to require a plaintiff, suing for a physical injury alleged to be permanent, to submit to an examination by a competent physician, at the instance and expense of the defendant, in order to ascertain the nature, extent, and probable duration of the injury, is one to be exercised or not according to the sound discretion of the presiding judge, under the facts of the case; and a refusal to require such a submission will not be reversed, unless his discretion has been abused.    *Richmond & Danville R. Co.* v. *Childress,* 82 *Ga.* 719 (9 S. E. 602, 3 L. R. A. 808, 14 Am. St. R. 189) ; *Savannah, Fla. & Western Ry. Co.* v. *Wainwright,* 99 *Ga.* 255 (25 S. E. 622) ; *Macon Ry. & Light Co.* v. *Vining,* 120 *Ga.* 511 (48 S. E. 232).

(a)    Where the motion for a new trial showed that a motion of the character above indicated was made several times during the progress of a trial, but was refused by the presiding judge on the ground that he could not grant the application without interfering with and delaying the trial, and there was nothing to show any abuse of discretion in such ruling, a reversal will not be granted on that ground.

2. While, in an action against a railroad company for damages on account of a personal injury alleged to have been caused by certain acts of negligence, it would not have been competent to prove other distinct and independent acts of negligence as a basis for a recovery, and to predicate a recovery thereon, yet where the plaintiff was injured at a public crossing in a town by the backing of a car which was standing at the edge of such crossing, and one question involved was as to his own diligence or negligence in attempting to cross under the circumstances, and an employee of the company, who was at or near the rear end of the car, had testified that he warned the plaintiff not to cross, and denied having told him to do so, there was no error in permitting the plaintiff to testify that, before starting across the track, he asked the defendant's employee if he could cross, and was told that the car was not coming back and that he could do so.

3. Where the extent of the injury of the plaintiff was an issue on the trial, and the evidence in regard to it was conflicting, the discovery, after ver-

dict, of the testimony of three additional witnesses to the effect that one of them had seen the plaintiff walking some distance from his home, that another had seen him at work, that the third had seen him near his house carrying a gun and apparently hunting, and that to none of them did he have the appearance of a man seriously injured, will not require a reversal of the presiding judge for overruling a ground of a motion for new trial based on such newly discovered evidence.

4. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

Argued February 8, — Decided July 16, 1909.

Action for damages. Before Judge Reagan. Upson superior court. February 18, 1908.

*Garrard & Garrard* and *Tisinger & Davis,* for plaintiff in error. *W. Y. Allen* and *R. L. Berner,* contra.