## 2414.  HUNTER v. THE STATE.

POWELL, J.  1.  Objections to an accusation or indictment are not properly presented by a motion for a new trial.

2. The complaints as to rulings upon testimony, so far as they are formally sufficient, are not meritorious.

3. When the identity of a parcel of land is in question, if one party should, in order to prove the location of the land lines, offer a report of processioners, it would be relevant for the opposite party to show that he had filed a protest to the return, and that the issue thus arising had not been determined.  However, the protest is without relevancy when no effort is made to establish the lines by the return of the processioners; though the surveyor and others who assisted in the processioning are sworn as witnesses and testify as to facts as to which they acquired information by reason of the survey.

4. The prosecutor's ownership of the land was involved in the case.  The court charged the jury: "If a vendor has conveyed land by a deed to a vendee before he has title himself, and afterwards the vendor does acquire title, his subsequent title inures to the benefit of the vendee, and complete title is vested in the vendee the moment the vendor acquires."  *Held*, that the instruction is correct; as the facts enumerated therein make a case of what is called a perfect equity amounting to legal title—that is to say, a transaction in which the legal title passes by operation of law to the beneficiary, by virtue of the provisions of the statute of uses, codified, with slight modification, in the Civil Code of 1895, § 3157.

5. The evidence authorized the conviction.        *Judgment affirmed.*

Accusation of trespass; from city court of Fitzgerald—Judge Wall.  December 25, 1909.

Submitted March 8,—Decided April 19, 1910.

*E. S. Fuller*, for plaintiff in error.

*A. J. McDonald*, solicitor, *Haygood & Cutts*, contra.