8050.   MACON RAILWAY AND LIGHT COMPANY v. SOUTHERN BELL
             TELEPHONE AND TELEGRAPH COMPANY.

LUKE, J.   1.   There being in the charge of the court a very full and de-
tailed statement of the plaintiff's contentions, including in substance
the allegations of the petition and of the amendment thereto, without
mention of any contention of the defendant, or of the defendant's de-
nial of contentions or allegations of the plaintiff, and without any
reference to the defendant's pleading, and the case being a close one
under the evidence, the trial judge should have granted the defendant's
motion for a new trial, in which this was complained of.   *Seaboard Air-
Line Ry.* v. *Sikes,* 4 *Ga. App.* 7 (6), 12 (60 S. E. 868); *Atlanta Street
R. Co.* v. *Hardage,* 93 *Ga.* 457 (4), 461 (21 S. E. 100).   "It is a well-
settled rule of law that if the judge undertakes to state the contention
of one party, he should also state the contention of the other."   *Brown*
v. *Everett-Ridley-Ragan Co.,* 111 *Ga.* 415 (36 S. E. 818).   In the cases
cited as adverse to this ground of the motion for a new trial (*Millen
& Southwestern R. Co.* v. *Allen,* 130 *Ga.* 656 (61 S. E. 541); *Phinizy*
v. *Bush,* 135 *Ga.* 678 (70 S. E. 243), and cases there cited), contentions
of both sides were stated in the charge, and the complaint was that
the contentions of one side were not stated with sufficient fullness.
2.   No other ground than that stated above requires a new trial.
                    *Judgment reversed.   Wade, C. J., and George, J., concur.*
                         DECIDED SEPTEMBER 18, 1917.

Action for damages; from Bibb superior court—Judge Mathews.
August 14, 1916.

*Hatcher & Smith, John R. L. Smith, Grady C. Harris,* for plaintiff in error. *Brutus J. Clay, Richard Curd, Hardeman, Jones, Park & Johnston,* contra.