## HOWELL *v.* BOWDEN.

No. 14908.   JULY 10, 1944.

*Randall Evans Jr.* and *Earle Norman,* for plaintiff in error.
*T. Reuben Burnside, Stevens & Stevens,* and *J. Glenn Stovall,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first special ground of the motion for new trial complains of the following charge: "At a preliminary hearing, gentlemen, in which you are not concerned, a temporary injunction was granted against both [the plaintiff] and [the defendant]. It appeared that there was certain timber that had already been cut into lumber that was liable to deteriorate in value during the pendency of this suit; and, upon petition brought by [the defendant], the court, for the purpose of modifying the injunction in order that the timber might be removed, modified that order, and [the defendant] was given the privilege of removing that timber upon the execution of a bond to [the plaintiff] for the value thereof." Exception is taken to this instruction as being calculated to mislead and confuse the jury; and because it constituted an expression of opinion that the defendant was cutting timber on land owned by the plaintiff, and that on a preliminary hearing the court had so held; but failed to instruct the jury specifically what part of the charge the jury was not concerned with, thereby leaving such question entirely to the jury.

The instruction was not error for any reason assigned. The court was giving to the jury a history of what had previously taken place in the case, and at the same time told the jury that they were not concerned with the preliminary hearing. See, in this connection, *Mayor &c. of Columbus* v. *Goetchius, 7 Ga.* 139 (2), 143, where this court said: "With regard to the preliminary remarks of the court to the jury, as contained in the record, we can not say there existed any necessity for the court to have made them, so far as concerned the merits of the controversy between the parties; yet, we find no error in law, in the charge of the court, which would authorize the interference of this court."

■ During his preliminary remarks to the jury, the court outlined what had taken place in the processioning proceedings. The second special ground complained of the charge: "In a case of this kind, that is, a land-line case, . . when a landowner applies to the processioners of the district in which the land lies to trace and mark anew the lines around his tract—under the law now, gentlemen, it is not necessary to go around the entire tract, the law is now that all you have to do is to mark the disputed line — to trace and mark anew the lines around his tract [it

being now necessary to trace and mark anew only the disputed line or lines], it is not the right of the processioners to trace and mark a new line between the adjacent or coterminous owners, but it is only their duty to trace and mark anew the true dividing line, and they have no authority under the law to establish any other line than the true dividing line." The criticism is, that the court, having undertaken to charge the law of processioning, should have charged all of the law on the subject that was material to the case, and having failed anywhere to charge the jury that in the trial of an issue formed by a protest the return of the ·processioners is to be deemed prima facie correct, the charge was rendered inherently incorrect. The processioning proceeding, to which a protest was filed, had been enjoined, and therefore the parties were not trying an issue formed by a protest to the return of processioners, but they were trying the injunction suit. In *Eubank* v. *State*, 105 *Ga.* 612, 614 (31 S. E. 741), it was said: "It may be stated, however, in passing, that such papers [return of processioners] are not held even prima facie correct where a protest has been filed to the return and is pending; and the return does not become conclusive until made the judgment of the court. *Howland* v. *Brown*, 92 *Ga.* 513 [17 S. E. 806]." See also *Hunter* v. *State*, 7 *Ga. App.* 668 (3) (67 S. E. 894).

The above criticism of the charge is without merit.

■ The third special ground complains because the court charged: "Now the defendant has come in and filed an answer to [the plaintiff's] petition for injunction, in which certain allegations of the petition are admitted and certain allegations denied, and for counter-claim and cross-petition to the cause of action alleged in the plaintiff's complaint, the defendant alleges that at all times hereinafter mentioned the defendant was the owner in fee simple of this particular tract of land, the line of which is in dispute." The criticism is, that the court, in stating the defendant's contentions, inadvertently charged, that "the defendant alleges that at all times hereinafter mentioned the defendant was the owner in fee simple of this particular tract of land," thereby placing the defendant in the position of claiming title to the plaintiff's tract of land.

The instruction was not erroneous for any reason assigned. The court was stating the contentions of the defendant as contained in his answer. In another portion of the charge he told the jury that they would have the pleadings out with them, and that they could refer to them as often as they liked in order to determine the real issues in the case. Furthermore, as a matter of fact, both parties were claiming the same land to the extent that each was claiming the parcel between the line claimed by the plaintiff and the line claimed by the defendant. There was nothing in the instruction complained of which could have misled or confused the jury. The charge in its entirety shows that the question involved was the establishment of the line constituting the west boundary of the land owned by the defendant, which was the east boundary of that owned by the plaintiff.

■ The fourth special ground complains because the court, while stating the plaintiff's contentions, charged: "He contends further that Mr. J. E. Gross [the defendant's predecessor in title], up until a few years ago, . . was the owner of this particular tract of land, and that there was never any question between Mr. Gross and him as to where the dividing line was between their two properties, and he contends further that Mr. Gross recognized that as the dividing line, and contends that as shown by the evidence Mr. Gross does recognize or did recognize that as the dividing line and therefore that [the defendant] is not entitled to recover in this case." The criticism is, that the language, "as shown by the evidence," was inadvertently a statement that the evidence showed that Mr. Gross recognized that as the dividing line, and that Mr. Gross recognized the plaintiff's contentions as being correct. At the close of the charge, the court said: "Now it is entirely a question for you to pass upon the facts of this case. The court has no right and no disposition to interfere with your province. He has no right to say what has or has not been shown to you or proven to you, all that—the facts of this case—being entirely in your hands." In *Georgia Railroad* v. *Thomas, 73 Ga.* 350, 355, it was said: "The words 'as shown from the evidence' are insisted upon by plaintiff in error as an expression of opinion by the court as to what had been proved. We do not think so, when the charge of the court is considered; he was particular to instruct the jury that the evidence was alone for their considera-

tion, and with which he had nothing to do; nor do we think that this charge was calculated to mislead the jury, but we think that the jury understood this part of the charge as the court intended they should; that is, by the use of the words 'as shown from the evidence,' he intended, and so the jury understood the words to mean, if the evidence shows the facts to be so."

The charge is not subject to the criticism made.

■ The fifth special ground complains because the court charged: "Now there are certain principles of law that are applicable to this case, which the court will give you in charge. Of course, if you find that . . the plaintiff in this case has been in possession of this land up to and including the line that he contends for under his deed, why you would stop right there in your investigation—that he has been in possession of this land, as already stated to you, and is in possession of it today, or up to the time this suit was brought to recover it—in that event, you would stop right there and render a verdict in favor of . . the plaintiff." One criticism is, that the charge was an incorrect principle of law, instructing the jury as to a material issue in the case, and that the error was not rendered harmless by the court's subsequent statement of the correct principle of law, because the court failed to expressly call the jury's attention to the incorrect statement and retract the same.

Before giving the instruction complained of, the judge had charged the jury: "It is the contention of the plaintiff in this case that he is the owner of this land under certain deeds conveying it to him, . . and he contends that under and by virtue of those deeds he has been in uninterrupted, peaceable, quiet, and notorious possession of this land for more than 20 years." And following the instruction complained of, he fully charged them with reference to adverse possession and prescriptive title, including the statement: "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such case, the law construes the possession to extend to the boundary of the tract. Hence, adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases, no prescription can arise in favor of either." In using the words, "if you find that the plaintiff has been in possession of this land, as al-

64

ready stated to you," after having previously charged that the plaintiff was contending that under certain deeds he had been in uninterrupted, peaceable, quiet and notorious possession of the land for more than twenty years, we can not see how the jury could have been misled by inferring therefrom that the court had reference to any possession other than the possession previously and subsequently defined by the court. Furthermore, the court also instructed the jury that "the same rule would apply to the defendant in this case. [That] if he has been in possession of this particular land under his deed up to where he claims the line to be, in that event you would stop right there and render a verdict in favor of the defendant, and establish his line."

The instruction complained of, considered in the light of the charge as a whole, is not subject to the criticism made upon it. *Central of Georgia Ry. Co.* v. *Cole,* 135 *Ga.* 72 (2) (68 S. E. 804); *Harrison* v. *Hester,* 160 *Ga.* 865 (7, 8) (129 S. E. 528); *Lee* v. *State,* 179 *Ga.* 766 (177 S. E. 555); *Aycock* v. *State,* 188 *Ga.* 550 (2) (4 S. E. 2d, 221); *Fudge* v. *State,* 190 *Ga.* 340 (3) (9 S. E. 2d, 259). *Judgment affirmed. All the Justices concur.*