39964. ATLANTIC COAST LINE RAILROAD COMPANY v. SMITH.

HALL, Judge. The plaintiff in error (defendant in trial court) assigns error on the overruling of his motion for new trial after a verdict for the defendant in error (plaintiff in trial court) in an action brought under the Federal Employers' Liability Act. *Held:*

1. This court has held, "it is the duty of the trial judge, without any written request, to state to the jury with equal fullness, and fairly to each side, the contentions of both parties, and in doing so no material contention of either party should be

omitted." *Bank of LaFayette v. Phipps*, 24 Ga. App. 613, 614 (101 SE 696); *Seaboard Air-Line R. v. Sikes*, 4 Ga. App. 7, 12 (60 SE 868); *Harris v. Gay*, 16 Ga. App. 342 (85 SE 355); *Macon R. &c. Co. v. Southern Bell Tel. &c. Co.*, 20 Ga. App. 827 (93 SE 531). And an instruction to the jury on the law applicable to a contention does not necessarily correct an error in failing to charge a party's contention corresponding to a contention of the other party which was charged. *Bank of LaFayette v. Phipps*, 24 Ga. App. 613, supra.

In the present case the court charged in part the plaintiff's allegations as to how the defendant was negligent, but did not charge all of the plaintiff's contentions, and following this charged that the defendant in its answer denied the substantial allegations of the petition, and that the jury might refer to the pleadings to refresh their minds as to the contentions of the parties; and the court fully instructed the jury on the law applicable to all the issues in the case, including those raised by the defendant as to the plaintiff's own negligence. In these circumstances we do not see that harm could have resulted to the defendant from the court's failure to charge that the defendant alleged in its answer that the plaintiff's injuries resulted solely from his own negligence and that the plaintiff's own negligence contributed to his injuries.

2. In a railroad employee's action under the Federal Employers' Liability Act a charge that the employee "shall not be held to have assumed the risk of his employment in any case where such injury resulted in whole or in part from the negligent acts of any of the officers, agents, or employees of the railroad carrier," was permissible as a cautionary instruction, and in view of the charge as a whole was not confusing in that it would lead the jury to believe that the employee would not be guilty of negligence if he failed to heed a warning about a dangerous condition, which was a vital defense of the railroad. It has been decided by other courts, we think correctly, that such an instruction is not prejudicial error in a Federal Employers' Liability Act case. Larsen v. Chicago &c. R. Co., 171 F2d 841, 846 (7th Cir.); Wantland v. Illinois Central R. Co., 237 F2d 921, 926; Borrero v. Elgin, Joliet & Eastern R. Co., 28 Ill. App. 2d 362 (171 NE2d 673, 674).

3. Assuming that the evidence complained of as an improper opinion and conclusion of a witness, was inadmissible and that proper objection was made, its admission was not revers-

ible error for the reason that other witnesses gave substantially the same testimony without objection. *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642, 643 (122 SE2d 483).

4. After the defendant's counsel made a motion for mistrial on account of the plaintiff's counsel arguing that he was entitled to question the plaintiff about his family status, the plaintiff's counsel withdrew his question concerning the plaintiff's family status. Thereafter out of the jury's presence the defendant's counsel insisted that a mistrial be declared or that counsel be instructed with respect to asking questions and withdrawing them upon objection of irrelevancy, and the court stated to counsel that matters with reference to the family should not be elicited, and overruled defendant's motion for mistrial, and before recalling the jury asked counsel if they had anything further to say. The overruling of the motion for mistrial was not reversible error. Counsel for the defendant after the trial judge's instruction to counsel made no further motion or request to indicate that his handling of the matter was not adequate to cure any harmful effect of the plaintiff's counsel's remarks before the jury. "If counsel was not satisfied with the instruction given by the court, he should have renewed his motion for a mistrial, and not having done so, the assignment of error is without merit." *Kendrick v. Kendrick,* 218 Ga. 460, 462 (128 SE2d 496). "In no case will the trial judge's ruling be reversed for not going further than requested." *Brooks v. State,* 183 Ga. 466, 469 (188 SE 711, 108 ALR 752). See also *Heinz v. Backus,* 34 Ga. App. 203, 204 (128 SE 915); *Smith v. Merck,* 206 Ga. 361, 373 (57 SE2d 326).

5. It was not error to admit testimony of the plaintiff that the situation of insufficient clearance for a man on one side of the car between the track and the building at the place where he was injured, could have been corrected by the track being "moved over eight or ten inches to the side of the warehouse," over objection that it was a conclusion of the witness who was not qualified as an expert.

The testimony of the plaintiff was not an expert opinion but his impression as to a matter of reasonable safety based on facts he had observed and which were in evidence. "A nonexpert witness may express his opinion when the facts upon which he bases the same have been previously stated, if the data cannot be placed before the jury in such a way that they may

draw the inference as well as he." *Wade v. Roberts,* 89 Ga.
App. 607 (4) (80 SE2d 728). In such cases the nonexpert's
"inference is not superfluous, but is of some assistance to the
jury." *Pride v. State,* 133 Ga. 438, 440 (66 SE 259); *Barron
v. Chamblee,* 199 Ga. 591, 596 (34 SE2d 828); *Wade v. Roberts,* supra. It has been said that such "statements are not
mere opinions, but impressions drawn from observed facts,
. . . which because either of the witness' infirmity or the
infirmity of our language cannot be adequately or better expressed, may be testified to by those who have personally observed the facts." Virginia R. &c. Co. v. Burr, 145 Va. 338
(133 SE 776, 780). The more realistic view is to admit such
statements "whenever they are calculated to aid the jury appreciably in reaching a right conclusion." McCormick,
Handbook of the Law of Evidence, 27, § 12.

6. It was not error to overrule a motion for mistrial on the
ground of an improper remark made by plaintiff's counsel,
that if the defendant's counsel "does not want the court to
have this information [medical witness' response to a question to which defendant's counsel had objected] we will not
insist on it," when the court asked plaintiff's counsel to withdraw his statement; plaintiff's counsel did so and apologized
to the court; and the court instructed the jury that plaintiff's counsel had withdrawn the statement. The trial judge
in passing on motions for mistrial has a broad discretion,
dependent on the circumstances of each case, which will not
be disturbed unless manifestly abused. *Manchester v. State,*
171 Ga. 121, 133 (155 SE 11); *Smith v. State,* 204 Ga. 184,
189 (48 SE2d 860); *Royal Crown Bottling Co. v. Bell,* 100
Ga. App. 438, 443 (111 SE2d 734); *Central Container Corp.
v. Westbrook,* 105 Ga. App. 855, 859 (126 SE2d 264). Unless it is apparent that a mistrial is essential to preservation
of the right of fair trial, the discretion of the trial judge will
not be interfered with. We are of the opinion that in the
present case the corrective action taken by the trial judge
was adequate to remove the harmful effect of the remarks
of plaintiff's counsel and sufficiently complied with *Code*
§ 81-1009. *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705,
711 (181 SE 315); *Malone Freight Lines v. Pridmore,* 86 Ga.
App. 578, 583 (71 SE2d 877); *Georgia R. &c. Co. v. Simms,*
33 Ga. App. 535, 537 (126 SE 850). If counsel was not satisfied with the instructions given by the court he should have

renewed his motion for mistrial. *Kendrick v. Kendrick,* 218 Ga. 460, supra.

7. It was not error to overrule a ground of the motion for new trial based on newly discovered evidence, submitted by the defendant on supporting affidavits, to the effect that shortly after the verdict (the plaintiff at the trial having presented evidence that he was totally and permanently disabled, and the defendant evidence to the contrary) the plaintiff had requested the employer to put him back to work as a switch-man; had regularly filed time claims, which are an assertion by the employee that he is entitled to work; had requested of a doctor a medical certificate that he was physically able to return to work, and told the doctor that recently something had popped in his neck and immediately relieved his pain and he was well enough to work. The plaintiff filed a counter-affidavit denying and explaining these facts. The grant or denial of a new trial on account of newly discovered evidence is within the discretion of the trial judge, and his discretion will not be disturbed unless abused. *Central of Ga. R. Co. v. Clark,* 15 Ga. App. 16 (82 SE 600); *Adams v. Worley,* 87 Ga. App. 892, 895 (75 SE2d 682); *Macon & Birmingham R. Co. v. Ross,* 133 Ga. 83 (65 SE 146); *Staton v. State,* 174 Ga. 719, 726 (163 SE 901); *Stewart v. Wilson,* 92 Ga. App. 514, 516 (88 SE2d 752). In *Perry v. Hammock,* 75 Ga. App. 171 (42 SE2d 651), and *McCowen v. Aldred,* 85 Ga. App. 373 (69 SE2d 660), cited by the defendant, new trials were granted on account of newly discovered evidence that was wholly inconsistent with the plaintiff's right to recover. Where newly discovered evidence is reconcilable with the other proof in the case, a new trial will not be granted. *Wallace v. Tumlin,* 42 Ga. 462, 472. Newly discovered evidence which shows a condition of the injured person after the trial inconsistent with the showing of his condition made on the trial must be of such decisive character as to indicate that the verdict would have been different, or indicate that the plaintiff's claim in the first instance was based on fraud and concealment. *Seaboard Air-Line R. v. Reid,* 6 Ga. App. 18, 22 (63 SE 1130); Curry v. Thompson (Mo.) 247 SW2d 792; 39 Am. Jur. 180, § 176; Ann. 31 ALR 2d 1236. To grant new trials in other cases on account of newly discovered evidence of a change in the plaintiff's physical condition subsequent

to trial would defeat the public policy that litigation some-time end. *Seaboard Air-Line R. v. Reid,* supra, p. 22.

The defendant has abandoned the general grounds, and the trial judge did not err in overruling the seven special grounds of the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1963.

Bennett, Pedrick & Bennett, Larry E. Pedrick, John W. Bennett, for plaintiff in error.

Benjamin Smith, Jr., Leon A. Wilson, II, contra.