45372. LEDBETTER BROTHERS, INC.
v. HOLMES et al.

ARGUED JUNE 1, 1970—DECIDED SEPTEMBER 9, 1970—
REHEARING DENIED SEPTEMBER 29, 1970—

*Peek, Whaley & Haldi, J. Corbett Peek, Jr., Glenville Haldi,* for appellant.
*Long & Siefferman, Calhoun A. Long, Floyd E. Siefferman, Jr.,* for appellees.

BELL, Chief Judge. ■ The court read to the jury the portion of plaintiff wife's complaint containing the specific allegations of negligence charged against the defendant. The trial court made it clear to the jury that the allegations were merely the contention of the plaintiffs, were not evidence, and that it was the jury's duty to determine whether the allegations constitute negligence under the facts and circumstances of the case. It is not improper in a charge to the jury to state the contentions made by the allegations in the complaint, even though some of the contentions be unsupported by the evidence. *Limbert v. Bishop,* 96 Ga. App. 652 (101 SE2d 148). This ground of error is without merit.

■ At the close of the evidence, plaintiffs submitted, in writing, four requested instructions. These instructions in general pertained to the duty of *every* driver of a vehicle to reduce speed when approaching and crossing a street; the duty of a vehicle driver to drive at a reasonable speed under the existing conditions and to keep his vehicle under reasonable control to avoid collision with other users of the highway; and the duty of a driver about to enter a street from a private way to yield the right of way to all vehicles approaching on the street or highway. All of these instructions were tailored to mean that if the defendant's driver breached these various duties the defendant would be guilty of negligence. After argument the trial court charged as requested except for two modifications made at the request of defendant. The defendant excepted to all of these instructions, contending that while all were correct general principles of law the court's charge was erroneous as the manner in which they were given made them applicable only to the defendant whereas they applied equally to the deceased. Defendant's counsel made no requests in writing to adjust these instructions to fit the defendant's case even if the evidence authorized the adjustment. On appeal a party may not complain about the court's failure to charge where no written requests to charge were received prior to arguments to the jury. *Code Ann.* § 70-207 (b); *Curtis v. State,* 224 Ga. 870 (9) (165 SE2d 150).

■ The trial court instructed the jury on the duty of a vehicle driver, about to enter or cross a highway from a private road, to yield the right of way to all vehicles approaching on the highway under *Code Ann.* § 68-1653. The jury was further instructed in

this connection that the defendant's vehicle was being operated on a private road, as Interstate 20 was at the time under construction and was not a public road. Exception was made on the ground that since the roadway was owned by the State and even though it was in varying stages of construction, it must be considered a public road. There is no evidence in the record that, as to this portion of Interstate 20, the public had been expressly or impliedly extended an invitation to use the roadway. Defendant admitted in its answer to plaintiff wife's complaint that the roadbed had not been completed; no paving activities had begun; and that it had not been opened to the public. All the evidence shows that defendant, a contractor, was in the process of grading and preparing the roadbed for paving. While the roadway may have been taken by the State, there is not a scintilla of evidence that this portion was open to the use of the public. See the definition of a street or highway under *Code Ann.* § 68-1504 (1) (a). Under these circumstances it was proper for the trial court to charge as a matter of law that the portion of Interstate 20 in issue was a private road. *Powell v. Barker,* 96 Ga. App. 592 (101 SE2d 113).

■ The court charged the jury in the wife's case on the subject of her measure of damages for recovery of the full value of the life of her husband. The jury was instructed that when it ascertained the gross amount of the value of deceased's life, "it would be your duty to reduce that gross amount to its present cash value" at the rate of 7%. No exception was taken. The jury later asked the trial court to recharge them on reduction to present cash value. In response to this request the court recharged that there may be an occasion "under all the instructions in a case when it would be appropriate for the jury to reduce a sum of money to be received at some future time or over a period of years in the future to its present cash value"; and the jury should use the rate of 7% per annum in making the reduction. Exception was then taken on the ground that the recharge would lead the jury to believe that it was not necessary to reduce the gross amount to its present cash value and that in the widow's case reduction to present cash value was required. Later the jury again requested additional instructions on computation of damages. The

trial court re-instructed the jury on the subject and specifically, again, charged that upon ascertaining the gross full value of the life of the deceased, "it would be" the jury's duty "to reduce that amount to its present cash value using the 7% legal interest rate" and then gave the jury in great detail mathematical examples of the application of this rule. On appeal it is contended that the first recharge would mislead the jury by giving the jury the impression that reduction was not required. Considering the charge as a whole, and in particlar the last instruction given the jury on the subject, the challenged instruction is not subject to the criticism made. *Howell v. Bowden,* 198 Ga. 57 (30 SE2d 887).

■ Other grounds of error contained in the motion for new trial were abandoned.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*