## 49428. F. N. ROBERTS CORPORATION v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

CLARK, Judge.

"Let your fingers do the walking" is a commercial jingle urging use of the yellow pages of telephone directories. That such classified sections are regarded as valuable by business is shown in the instant case.

Southern Bell sought judgment for $10,606.33 as being owed by F. N. Roberts Corp. on written contracts for advertising which defendant had placed in various telephone directories over a three-year period in the Atlanta area for defendant's business operated as "F. N. Roberts Pest Control Company." In answering the complaint defendant admitted making the contracts but affirmatively asserted plaintiff had failed to place the advertisements in alphabetical order pursuant to the terms of their contract. Defendant also counterclaimed for $100,000, averring that because defendant's president had conducted a twenty-year campaign against the telephone company's advertising practices plaintiff had retaliated by cutting off defendant's telephone service on occasions and by deliberately misplacing a York Pest Control advertisement. By placing the York ad at the bottom right-hand corner of a right-hand page, defendant

asserted, plaintiff intentionally created the injurious impression that the "Pest Control" classification had ended with the York Pest Control ad, when, in fact, defendant's advertisement appeared on the following left-hand page.

Southern Bell's evidence established that its advertising contract required it to alphabetize advertisements under a specific letter which had been done by it here. Its practice was to place such ads alphabetically according to size. Thus, all quarter page entries were grouped together and ahead of smaller ads. Where a corporation contained the name of an individual such as Fred A. York, Inc. or F. N. Roberts Corporation, the concern had the option of contracting for placement under the first letter of the surname of the individual, as York or Roberts, or under the first word or initial in the corporate name, such as Fred or F. The telephone company proved that its placement of defendant's advertisement and those for Fred A. York, Inc. was consistent with its policy and its contracts. The plaintiff also produced evidence in contradiction to defendant's recoupment and counterclaim. As a verdict was returned for the full amount plaintiff sued for, it appears the telephone company's version was accepted by the jury in preference to defendant's contentions.

A new trial motion followed which after amendment was denied. This appeal is from that judgment and requires of us to review the various assignments of error.

1. The trial court did not err in admitting the 1971 advertising order of Fred A. York, Inc. into evidence. The document was identified by a witness who testified that it was prepared as a record in the regular course of business and was maintained under the witness' personal supervision and control. The mere fact that the document was not signed by an agent or representative of Fred A. York, Inc. does not affect its admissibility. Code Ann. § 38-711; *Eiberger v. Martel Electronic,* 125 Ga. App. 253 (1) (187 SE2d 327).

2. Defendant contends the trial court erred in refusing to permit the defendant to introduce certain evidence tending to show the telephone company's motivation or intent in deliberately misplacing

defendant's advertisement and in interrupting defendant's telephone service as alleged in defendant's counterclaim. Assuming, arguendo, that the trial court erred in excluding this evidence, the error was rendered harmless by the jury's verdict in favor of the plaintiff. Evidence regarding intention in the performance of an act relates to the question of additional damages, not liability. See Code § 105-2002. Errors in the exclusion of evidence that pertain only to matters of damages are harmless where the jury determines that the complainant is not entitled to recover. *Robinson v. Murray,* 198 Ga. 690 (2) (32 SE2d 496); *Parsons v. Foshee,* 80 Ga. App. 127, 132 (4) (55 SE2d 386).

3. Another evidentiary assignment argues the trial court erred in refusing to admit a petition of the Greater Atlanta Pest Control Association. This petition had urged Southern Bell to modify its previous practices with respect to the industry's dual classification under "Pest Control" and "Termite Control" so as to have only one classification, thereby reducing the expense to the advertisers. The signature of the defendant's president appeared on the Association's petition. Since the defendant's president testified extensively concerning his adversary attacks upon the utility's advertising policies, any error in excluding documentary evidence concerning these activities must be ruled harmless. *Murray v. Hawkins,* 144 Ga. 613, 614 (7) (87 SE 1068); *Mitchell v. Gay,* 111 Ga. App. 867 (6) (143 SE2d 568).

4. Defendant contends the trial court erred in sustaining plaintiff's motion to strike defendant's claim for punitive damages. "[A]ll relief sought by the appellant was denied. Since no general, special or nominal damages were awarded, and the only error enumerated is on the failure to allow the question of punitive damages to be decided by a jury, the failure to award any damages. . . prevent[s] any additional damages as a claim for punitive damages will not lie when no other damages are recovered." *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162). Accordingly, any possible error in the elimination of punitive damages was harmless. See also *Foster v. Sikes,* 202 Ga. 122, 126 (42 SE2d 441).

5. Defendant asserts the trial court erred in

submitting the plaintiff's amended complaint to the jury because it contained a paragraph which recited that, by a court order of the Fulton County Superior Court, defendant deposited $2,214 into the registry of the court to secure the payment of the cost of defendant's 1971 "Yellow Pages" advertising. Defendant argues that "since the only interpretation the jury could place on this paragraph is that another court had determined that the defendant was liable for the foresaid advertising charges," the submission of the amended complaint to the jury was prejudicial. We disagree. Generally, a trial court does not err in either reading the allegations of the pleadings or in submitting those pleadings to the jury. See *Hinson v. Hooks,* 31 Ga. App. 143 (3) (120 SE 17); *Ledbetter Bros. v. Holmes,* 122 Ga. App. 514, 515 (1) (177 SE2d 824); *Cagle v. Atchley,* 127 Ga. App. 668, 671 (2) (194 SE2d 598). Moreover, the paragraph in question is not subject to the sole interpretation urged by defendant because it sets forth that the defendant deposited the money into the registry of the court "pending a determination by a court of competent jurisdiction that said amount was owed." Finally, we note that since the trial court informed the jury that the pleadings were not evidence but the mere "written contentions of the parties," any possible prejudicial impact of the paragraph was ameliorated. See *Ledbetter Bros. v. Holmes,* supra.

6. Another contention by defendant is that the trial court erred in refusing to read and submit its amended answer and counterclaim to the jury. In support of this assertion defendant relies on *Macon R. &c. Co. v. Southern Bell Tel. &c. Co.,* 20 Ga. App. 827 (93 SE 531), wherein this court ruled that where a charge embodies a full statement of plaintiff's contentions without referring to the contentions of the defendant, a new trial should be granted if the evidence presents a close case. The case relied upon is not apposite here. An examination of the amended answer and counterclaim discloses that it failed to introduce a new theory of defense or recovery into this case; it merely served to amplify the contentions sounded in defendant's original answer and counterclaim. These contentions were charged by the court. Thus, it was unnecessary for the

court to read and submit the amended answer and counterclaim to the jury because defendant's contentions had been fully charged elsewhere. See *Phinizy v. Bush,* 135 Ga. 678 (3) (70 SE 243). And see *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (1) (130 SE2d 355).

7.  Defendant also argues that the judge below committed error during his charge to the jury in that he unduly emphasized the burden placed on the defendant and minimized the burden on the plaintiff by constantly repeating that the burden of proof is on the defendant to establish by a preponderance of the evidence the defense pleas of failure of consideration and recoupment and the allegations of the counterclaim. "We find no error in the complaint that the court repeated portions of its charge (at other places in the charge) as contended in special grounds 8, 9 and 10. It is not contended that these portions of the charge were in any way incorrect; only that the repeating of the principles had the effect of over-stressing the defendant's contentions. While some of the repetition might have been avoided, it does not appear likely that the jury was in anywise misled or wrongfully influenced by it. The repetitions were relatively brief in a charge that was long—filling some 25 pages in the record— and when the instances are read in context with what was charged before or after they are seen to be appropriate. Harmful error does not appear." *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 163 (9) (141 SE2d 189).

8.  As the evidence supports the verdict, the general grounds are without merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 28, 1974 — DECIDED OCTOBER 4, 1974.

*Jack K. Bohler,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William W. Cowan, Robert W. Coleman,* for appellee.