McCAY, J.
When the law prescribes a different punishment for different phases of the same crime, there is good reason for requiring the indictment to specify which of the phases the prisoner is charged with. The record ought to show that the defendant is convicted of the offense for which he is sentenced. But this is not the case here. The punishment for ‘ arson of an outhouse, not in a city or town, is from two to seven years: Revised Code, section 4313. There is no provision that arson in the night shall be punished for any different period.
It is true section 4318 of the Code provides that “arson in the day time shall be punished for ,a less period than arson in the night time.” But' what is this but a rule for the exercise of the -discretion of the Court in selecting the point between two and seven years where he will fix the sentence. In every case it is the duty of the Judge to consider, in fixing the penalty, all the circumstances of mitigation or aggravation. And in this case it is his duty to consider whether the offense was done at night or in the day. This is only one of the circumstances for the consideration of the Judge, and is *484 not one of the ingredients of the -crime. It stands upon the footing of a charge of murder, based on circumstantial evidence, or of a battery committed under strong provocation. In neither of such cases need the indictment show the peculiarity of the case. It is matter for the Judge alone, and even with him it is only a rule for the exercise of his discretion.
Judgment affirmed.