## CARGILE *v.* THE STATE.

Evans, P. J. 1. An instruction that the jury will try the case by the evidence as applied to the law given in charge is not erroneous as excluding a consideration of the prisoner's statement, where the court also fully instructs the jury on the effect to be given the prisoner's statement. *Tolbirt* v. *State,* 124 *Ga.* 767.

2. While it is true that a defendant in a criminal case electing to make a statement is not subject to cross-examination without his consent, yet as this provision of the statute is but a rule of trial procedure, it is the better practice to omit any reference to it in the general charge. Nevertheless, the statement of this rule of procedure in the general charge will not ordinarily be ground for a new trial.

3. The excerpts from the charge defining malice, when taken in connection with their context, are not erroneous.

4. The presiding judge, in charging on the subject of voluntary manslaughter, should not mingle with it a charge on the subject of justifiable homicide under the doctrine of reasonable fears. But in view of the facts disclosed by the evidence in this case, and the entire charge, that part of the charge complained of, though not altogether accurate, will not require a reversal.

5. An instruction that "the law recognizes the fact that there is in the breast of every human being a passion that can be aroused and to such an extent as to become uncontrollable. During that time, if a person, acting under such passion as that, kill another, he is not held to that strict accountability that he would be under different circumstances; yet the law recognizes the fact that there is in every breast also a conscience which speaks to man and seeks to restore him back to reason and to his duty to humanity," is not ground for a new trial, notwithstanding its somewhat metaphysical savor.

6. "Although there may be mutual intention and agreement to fight, yet if one of the disputants kill the other with malice, it is murder." *Freeman* v. *State,* 70 *Ga.* 736.

7. The charge was very favorable to the defendant. The evidence supports the verdict, and the discretion of the trial court in refusing a new trial should not be disturbed.

*Judgment affirmed. All the Justices concur.*
MARCH 12, 1912.

Indictment for murder. Before Judge Daniel. Fayette superior court. December 18, 1911.

*J. W. Culpepper* and *J. W. Shell,* for plaintiff in error.

*T. S. Felder, attorney-general, J. W. Wise, solicitor-general, A. O. Blalock,* and *L. C. Dickson,* contra.