## 18627.    SUBER *et al.* v. THE STATE.

1. The documentary evidence complained of was admissible, in connection with other testimony in the case, to throw light on the contention of the State.
2. "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested."
3. There was evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED MARCH 7, 1928.

Larceny of cattle; from Colquitt superior court—Judge W. E Thomas. November 7, 1927.

*L. L. Moore, James L. Dowling,* for plaintiffs in error.
*C. E. Hay, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 1089, n. 42; p. 1180, n. 74.
Larceny, 36 C. J. p. 878, n. 60.

LUKE, J.   Boyd Suber and Byrd Wood were indicted in seven counts for cattle stealing, and were convicted under two counts. They assign error upon the overruling of their motion for a new trial.   The record shows that Suber, assisted by Wood, stole several different herds of cattle that were on range, and sold them to Swift & Company under fictitious names.   Suber employed others to drive the cattle and make the sales.   In his statement Suber acknowledged selling the cattle and claimed that they were his own, but the sheriff testified that Suber had previously denied knowing anything about the sale of the cattle.   Suber made no satisfactory explanation of where he got so many cattle, or why he had others to make the sale, or why he had payment therefor made to fictitious persons.   In the process of the theft, naturally no attempt was made to keep separate the herds of the several persons from whom they were stolen; but there was ample evidence to support Suber's conviction, and sufficient evidence to support Wood's conviction, under the two counts.   The transactions and the evidence in regard thereto were interwoven.   Under the particular facts of this case, evidence of the theft of cattle as alleged in counts other than those under which the defendants were convicted was relevant, material, and probative under the counts proved by the State, in and to the extent that such evidence showed bent of mind, tendency, and motive.

The motion for a new trial complains of the admission in evidence of a draft given in payment for certain cattle.   In view of the fact that it was given for cattle, and was given to a fictitious person, so far as appears, and was dated about the time of the alleged theft by the defendants, this draft, given by Swift & Company to Ray Anderson, was admissible, in connection with other testimony in the case, to throw light on the contention of the State.   The State showed Suber's connection with two drafts payable to fictitious persons, and if it failed to show the defendants' connection with this draft, its admission was harmless to the defendants.   *Cochran* v. *Meeks,* 25 *Ga. App.* 61 (2) (102 S. E. 550).

The motion complains that when the jury came back to request further instructions as to the penalty, the court charged them as to the penalty without again instructing them that they could recommend that the defendants be punished as for a misdemeanor.

"Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested." *Short* v. *State,* 140 *Ga.* 780 (9) (8 S. E. 8).

The evidence against Wood, though not so strong as that against Suber, shows that Wood assisted in the theft of the cattle, assisted in procuring men to drive them, and endeavored to get a witness who was familiar with the transactions to leave the community until the matter quieted down.

There was evidence to support the verdict, which has the approval of the trial judge, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*