### 26893. JONES *v.* THE STATE.

DECIDED SEPTEMBER 7, 1938.

*Kirkland & Kirkland, Hugh R. Kimbrough,* for plaintiff in error.

*W. H. Lanier, solicitor-general,* contra.

GUERRY, J. ■ While disqualification of a grand juror propter defectum may be good ground for quashing a criminal accusation preferred by the grand jury of which he was a member *(Clackum* v. *State,* 55 *Ga. App.* 44, 189 S. E. 397), this objection can not be raised for the first time, after verdict, by motion for new trial. *Kato* v. *State,* 33 *Ga. App.* 342 (126 S. E. 266), and cit. The complaint made in the first special ground of the motion for new trial, that one of the grand jurors who returned the indictment against the defendant was not a duly qualified grand juror, in that he was not drawn by the court to serve at the term at which the indictment was returned, is therefore without merit.

■ A man is presumed to intend the natural consequences of his acts. The natural consequence of shooting at another with a pistol, where death ensues, is death. Thus, "if a deadly weapon be used in a homicide in the usual and natural manner in which such weapon would produce that result, the presumption of an intention to kill would arise." *Hanvey* v. *State,* 68 *Ga.* 612, 613. If the evidence should disclose an unintentional use of a deadly weapon in the usual and natural manner in which such weapon

would produce death, such as an unintentional firing of a gun or pistol in a tussle over its possession *(Jackson* v. *State,* 43 *Ga. App.* 468, 158 S. E. 600), if the defendant having the gun in his possession was not making an assault with intent to kill *(Epps* v. *State,* 19 *Ga.* 102), or, if so, such intent was abandoned before the fatal accident *(McPherson* v. *State,* 22 *Ga.* 478), or the firing of a pistol or gun unintentionally at a human being *(Parks* v. *State,* 105 *Ga.* 242, 31 S. E. 580), or the use of such a weapon in a manner not calculated to produce death *(Delk* v. *State,* 135 *Ga.* 313, 69 S. E. 541), or the use of a weapon not of necessity calculated to produce death *(Smith* v. *State,* 50 *Ga. App.* 105, 177 S. E. 76, and cit.), the offense of involuntary manslaughter as defined in the Code, § 26-1009, would be involved. However, the statement of the defendant in the present case, that the deceased was advancing on him with a knife, and that he shot him in the stomach (from which wound the deceased died), merely intending to stop him and not to kill him, does not fall within any of the above cases, and does not present the offense of involuntary manslaughter. See *Stovall* v. *State,* 106 *Ga.* 443 (3) (32 S. E. 586) ; *Norton* v. *State,* 137 *Ga.* 842 (4) (74 S. E. 759), and cit.; *Pinson* v. *State,* 184 *Ga.* 333, 335 (191 S. E. 95). Moreover, even if the statement of the defendant raised the theory of involuntary manslaughter, since the complaint is that the judge failed to charge the jury thereon without a request, and since the *evidence* nowhere presents such theory, it is without merit. See *Jackson* v. *State,* 91 *Ga.* 271 (3) (18 S. E. 298) ; *Parks* v. *State,* supra.

■ The evidence amply supported the verdict of voluntary manslaughter. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*