## 38166. WARE *v.* THE STATE.

CARLISLE, Judge. 1. There being evidence from which the jury would have been authorized to find that the defendant did not intend to kill the deceased, and that the killing was the result of culpable neglect on the part of the defendant in that he carelessly handled a loaded rifle which he knew was easy to discharge, and that such careless handling resulted in the death of the deceased, such evidence would have authorized a finding that the defendant was guilty of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, and the trial court erred, therefore, in failing to charge the jury even without request the law on involuntary manslaughter as embodied in Code §§ 26-1009 and 26-1010, as complained of in special ground 1 of the motion for a new trial. *Warnack* v. *State,* 3 *Ga. App.* 590, 595 (2) (60 S. E. 288); *Lee* v. *State,* 70 *Ga. App.* 61 (27 S. E. 2d 347); *Wager* v. *State,* 74 *Ga. App.* 729, 731 (41 S. E. 2d 342).

2. Special ground 2 complaining of the portion of the charge on

justifiable homicide on the ground that the court did not in immediate connection therewith instruct the jury that if they found that the homicide was justifiable they should acquit the defendant does not present any question for decision by this court. It has been repeatedly held that a correct charge is not rendered erroneous by the failure to give in connection therewith some other pertinent and applicable legal proposition. *Burton & Class* v. *Connell*, 84 *Ga. App.* 106, 109 (2) (65 S. E. 2d 620) ; *City of Decatur* v. *Robertson*, 85 *Ga. App.* 747, 750 (3) (70 S. E. 2d 135); *Walker* v. *State*, 199 *Ga.* 418, 424 (1) (34 S. E. 2d 446).

3. The instruction given by the court which submitted to the jury the issue that the defendant killed the deceased in order to protect his mother submitted to the jury a contention which was not made by the defendant, and it was, therefore, confusing and misleading to the jury and harmful to the defendant. *Key* v. *State*, 21 *Ga. App.* 300 (2), 305 (94 S. E. 283) ; *Burley* v. *State*, 158 *Ga.* 849 (1a) (124 S. E. 532).

4. Inasmuch as the case is to be tried again and the evidence on another trial may not be the same, the general grounds of the motion for a new trial are not passed on.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 24, 1960.

*Robert A. Edwards,* for plaintiff in error.

*Dan Winn, Solicitor-General, John T. Perren, Assistant Solicitor-General,* contra.

