### 39997. CARTER v. THE STATE.

Decided April 3, 1963.

*Marvin Hartley, Jr., Casey Thigpen,* for plaintiff in error.

*Thomas A. Hutcheson, Solicitor,* contra.

NICHOLS, Presiding Judge. 1. Defendant, plaintiff in error here, specifically abandons his general grounds of the motion for new trial but insists upon 3 special grounds thereof. In special ground 1, defendant contends that the court erred in failing to grant his motion for mistrial following certain improper and prejudicial remarks made by State's counsel in his concluding argument to the jury, as follows: "The defendant in this case made a statement to the jury—then his counsel asked him some questions—you perhaps wondered why I didn't ask him any questions—it was because the law does not allow the solicitor to ask defendant any questions, unless the defendant offers or gives the solicitor an opportunity to cross-examine him—in this case I was not given an opportunity to cross-examine the defendant." *Code* § 38-415, as amended by Ga. L. 1962, p. 133, provides in part as follows: "The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure."

The record in this case discloses that the court did, in his charge to the jury, attempt to clarify and rectify the statement made by State's counsel by withdrawing same from the jury's consideration. However, under the clear mandate of *Code Ann.* § 38-415, supra, such efforts on the part of the trial judge, once the statement was made, were insufficient to remove the harm done by such statement, and it was reversible error to deny defendant's motion for mistrial, and, thereafter, his motion for new trial based on such ground.

2. Special ground 2 of defendant's amended motion for new trial is without merit. *Webb v. State,* 149 Ga. 211 (1) (99 SE 630).

3. Special ground 3 complains that the court erred in denying defendant's counsel the opening and concluding argument in the case for the reason, as defendant contends, defendant offered no evidence in his behalf but only made an unsworn statement in the case. The record reveals that defendant, while on the stand, and while making his unsworn statement, in the presence of the jury, wrote his name on a sheet of paper and showed same to the

jury for the purpose of comparing his signature on the paper with the signature appearing on the check. In a recent decision of this court, *Hall v. State*, 104 Ga. App. 10, 11 (120 SE2d 925), the court held: "It is a well settled rule that the defendant's statement to the jury must generally be restricted to a narrative account of the matter under investigation, and if the defendant desires to corroborate his statement by documentary or real evidence, said evidence must be introduced in the usual and regular way." Under the record here it is manifestly clear that the court considered the sheet of paper that defendant wrote his name on as being evidence. *Savannah Electric Co. v. Lowe*, 27 Ga. App. 350, 352 (5a) (108 SE 313).

Applying the facts in the case to the law enunciated in the cases just above cited, the trial court's ruling denying defendant's counsel the opening and concluding argument was not error.

*Judgment reversed. Frankum and Jordan, JJ., concur.*