### 40560. ASH v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted under an indictment charging him with burglary. During the trial of the case, at the time when the defendant was ready to make his unsworn statement, the trial court instructed him as follows: "Mr. Ash, you have a right to make to the court and jury such statement in your own defense as you think is proper. You are not under oath and you can't be compelled to answer any questions on cross examination. You do have a right to have your own lawyer to help you make your statement. Now, this means that if Mr. Wayne asks you a question, you are not required to answer it, but if Mr. Smith, your own lawyer, asks you a question you can answer it if you want to, but you don't have to. Do you understand your rights?" Thereafter, while charging the jury, the court instructed the jury as follows: "In this case the defendant has made an unsworn statement in his own defense, which he had a right to do. *This statement was not under oath and he could not be compelled to answer any questions on cross examination.* He does have the right to have his statement elicited from him by questions directed to him by his own counsel. His statement has such force only as the jury may think right to give it. You may believe it in whole or in part and you may believe it in preference to the sworn testimony in the case." (Emphasis supplied). The defendant's amended motion for new trial, which was overruled, is based upon the usual general grounds, the itali-

■

cized portion of the second quoted instruction and the first quoted instruction of the trial court. *Held:*

1. The 1962 amendment to *Code* § 38-415 (Ga. L. 1962, p. 133), did not change the provisions of such section with reference to the unsworn statement permitted by prisoners on trial in criminal cases. *Shoffeitt v. State,* 107 Ga. App. 217 (129 SE2d 572).

2. "The Act of 1962, [supra] expressly provides that no comments shall be made because of the failure of a defendant to testify under oath, (see *Carter v. State,* 107 Ga. App. 571, 130 SE2d 806), and such prohibition applies equally to the court as to the solicitor." *McCann v. State,* 108 Ga. App. 316 (1) (132 SE2d 813).

3. The instructions given the defendant and the jury, on which error is assigned in the special grounds, correctly instructed the defendant as to his rights and properly instructed the jury as to the weight to be given to the defendant's statement. Such instruction did not have the effect of commenting upon the failure of the defendant to be sworn and cross examined. See *Thurmond v. State,* 198 Ga. 410, 417 (31 SE2d 804); *Cargile v. State,* 137 Ga. 775 (2) (74 SE 621).

4. The prosecutor identified three wrenches as having been stolen from his place of business. A witness for the State testified that such wrenches were found in the home of the defendant and in his unsworn statement the defendant stated that such wrenches had been in his possession. He then sought to explain such possession. "Such recent possession not explained to the satisfaction of the jury would authorize the verdict rendered. *Stewart v. State,* 17 Ga. App. 827 (88 SE 715)." *Royster v. State,* 108 Ga. App. 269 (132 SE2d 830). See also *Walden v. State,* 83 Ga. App. 231 (63 SE2d 232); and *Washington v. State,* 96 Ga. App. 844 (101 SE2d 885).

5. The trial court did not err in overruling the defendant's amended motion for new trial.

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED FEBRUARY 11, 1964—
REHEARING DENIED FEBRUARY 24, 1964.

*John N. Crudup,* for plaintiff in error.
*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.