### 41440. GIBBS v. THE STATE.

EBERHARDT, Judge. 1. The general grounds are without merit. 2. In the course of the charge to the jury the court instructed: "In all criminal cases, whether felony or misdemeanor, the defendant shall have the right to make to the court and jury such statement in the case as he may deem proper in his own defense. That statement is not under oath, and shall have such force only as the jury may think right to give it. The jury may believe the statement of the defendant in preference to all sworn testimony, disbelieve it entirely, believe it in part and disbelieve it in part. Therefore, what you do with the defendant's statement is a matter wholly for your

determination. *I charge you further that the defendant shall not be compelled to answer any questions on cross examination should he think proper to decline to answer the same."* The exception to the last sentence of this charge is that it is unsound as an abstract principle of law, was confusing and misleading to the jury.

Doubtless the court intended to charge that the defendant could not be cross examined on his unsworn statement. If it had been couched in that language it would have been free from error. *Murray v. State,* 85 Ga. 378, 381 (2) (11 SE 655) ; *Harper v. State,* 129 Ga. 770 (5) (59 SE 792). In the context it is obvious that this charge referred to the unsworn statement, for the defendant was not sworn as a witness, but the charge should have gone no further than to say that the defendant could not be cross examined. If, by chance, this portion of the charge be construed to refer to questions on cross examination when the defendant is sworn as a witness it would be error because, first, it would introduce a matter unsupported in the record, since the defendant was not sworn, and second, when a defendant is sworn and testifies, he can refuse to answer questions on cross examination only under the constitutional protection against self-incrimination.

3. The exception to a portion of the charge that "if you believe the defendant sold tax-paid whiskey as alleged in this indictment on February 9, 1964, in Clarke County, Georgia . . . you would be authorized to convict" him, on the ground that it omitted to instruct that the jury must believe this fact beyond a reasonable doubt, is without merit in view of other portions of the charge immediately preceding and following in which the court three times instructed fully that there should be an acquittal unless the jury believed beyond a reasonable doubt that the defendant was guilty as charged in the indictment. *Holmes v. State,* 194 Ga. 849, 852 (3) (22 SE2d 808).

*Judgment reversed. Nichols, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 9, 1965—DECIDED SEPTEMBER 17, 1965.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.