41879. WRIGHT v. THE STATE.

SUBMITTED MARCH 8, 1966—DECIDED MARCH 18, 1966—
REHEARING DENIED APRIL 1, 1966.

*Thomas B. Luck, Elijah A. Brown,* for appellant.

*Albert B. Wallace, Solicitor General, Charles J. Driebe,* for appellee.

NICHOLS, Presiding Judge. ■ "On a trial of an indictment for arson, it is not error to admit evidence showing that feelings of anger or dislike existed on the part of the defendant toward the owner of the property." *Hammack v. State,* 52 Ga. 397 (1). At the time the above case was decided the language now contained in *Code* § 38-202 appeared in § 3757 of the Code of 1873, and such case stands as an exception to the rule announced in *Bacon v. State,* 209 Ga. 261, 263 (71 SE2d 615), excluding evidence of other crimes "unless there is some logical connection between the two." The evidence objected to in the case sub judice was of actions and words of the defendant toward the property owner and therefore admissible to show the "feelings" of the defendant toward such property owner.

■ In instructing the defendant as to his right to make an unsworn statement the trial court included the following: "You are not under oath, and in the absence of your objection, you may be cross examined by the solicitor general, but you shall not be compelled to answer any question on cross examination should you think proper to decline an answer."

Under the decision in *Gibbs v. State,* 112 Ga. App. 272 (2) (145 SE2d 43); such instruction to the defendant was error requiring a new trial, and under the decision of the Supreme Court in *Watkins v. State,* 199 Ga. 81, 87 (33 SE2d 325), it is not necessary, as the State contends, for the defendant to have objected to such instruction before verdict in order to have the question properly before this court. An examination of the record in the *Watkins* case, supra, discloses that no objection was made to the instructions to the prisoner there complained of until the amended motion for new trial was presented to the trial court.

■ The defendant contends that it was error for the trial court to fail to charge *Code* § 26-2205 even in the absence of a timely request. This Code section is as follows: "Arson in the daytime (except in a city, town, or village) shall be punished by a shorter period of imprisonment and labor than arson committed in the night." The contention of the defendant is that the burning did not take place at night or in a city, town, or village and that therefore it was error to fail to give such charge.

In *Brightwell v. State,* 41 Ga. 482, it was recognized that such law was not a part of the crime but was an aid in fixing the sentence. Accordingly, it would be proper to charge such Code section in any arson case, but was the defendant harmed by the failure of the trial court to so charge the jury in the case sub judice? It is his contention that the fire here occurred in the daytime and not in a city, town, or village. Even assuming that the fire occurred in the daytime it did not occur outside a city, town, or village. In 1872 (Ga. L. 1872, p. 16), the General Assembly provided for the incorporation of "unincorporated towns and villages" by the superior courts. Thus, "village" may or may not include an incorporated municipality. See also as to the definition of a village: Black's Law Dictionary, (4th Ed.) p. 1740; 92 CJS 1011. "The term 'village' is frequently used in a popular sense to describe an assemblage of houses less than a town or city but nevertheless urban or semiurban in character without regard to whether it is incorporated. It is frequently used in this sense in statutes." 37 Am. Jur. 623, Municipal Corporations, § 5. Accordingly, a proper interpre-

tation of the word "village" in *Code* § 26-2205 would appear to be "an assemblage of dwellings or storehouses or combinations of both located in close proximity where the burning of one would endanger the others to possible destruction by fire," and under such definition a trailer park where numerous "house-trailers" are parked on individually marked lots and used as dwellings, although located outside any incorporated municipality, would be a "village" as referred to in the above cited Code section.

Therefore, while the failure to charge the provision of such Code section may have been error it was harmless error to the defendant since under the evidence the burning did not take place in an area where the shorter period of imprisonment would apply.

■ Inasmuch as the case must be tried again and the evidence may not be the same on another trial, the usual general grounds of the motion for new trial and the enumerations of error raising the same contention will not be passed upon, and the remaining ground which complains of an excerpt from the charge which the trial court immediately withdrew from the jury's consideration will not likely recur on another trial.

*Judgment reversed. Deen, J., concurs. Hall, J., concurs specially.*

ON MOTION FOR REHEARING.

The contention is made that the ruling in *Gibbs v. State,* 112 Ga. App. 272, supra, holding that an instruction to the jury in the same language as that here complained of is in conflict with the decision in *Ash v. State,* 109 Ga. App. 177 (135 SE2d 507). An examination of the instruction to the defendant in *Ash v. State* shows that he was instructed that he was not required to answer *any* questions on cross examination, while in the *Gibbs* case and in the case sub judice the instruction was that he could not be compelled to answer any question should he think proper to decline to do so. The appellate courts have uniformly held, as exemplified by the decision of the Supreme Court in *Roberts v. State,* 189 Ga. 36, 41 (5 SE2d 340), that no cross examination may take place unless the prisoner first consents thereto. Thus the reason for the holding in *Gibbs v. State,* 112 Ga. App. 272, supra, for unless the prisoner first

consents, the instructions, either to the prisoner or to the jury would be superfluous and inapplicable under the facts of the given case and, as to such case, wrong as an abstract principle of law.

In the one case the prisoner is instructed that he is not subject to cross examination in that he is not required to answer *any* question while in the other he is placed in the position of being subjected to cross examination merely by making his statement and given the burden of deciding which questions he should answer and which he should decline to answer on cross examination, but answer some he must.

HALL, Judge, concurring specially. I reluctantly concur in the judgment of reversal. The distinction between *Ash* and *Gibbs*, supra, as set out in the majority opinion is razor-thin. It is true that our highest court has said that the better practice is to omit from the general charge any reference to the rule that an accused making an unsworn statement is not subject to cross examination without his consent. *Cargile v. State*, 137 Ga. 775 (2) (74 SE 621); *Thurmond v. State*, 198 Ga. 410 (31 SE2d 804). It may well be that a jury could be as easily confused by this statement when they hear it given to the accused to inform him of his rights as when it is given to the jury in a general charge.

At the time of this trial, it was not necessary in criminal cases to object to harmful charges to the jury to perfect an appeal. *Moore v. McAfee*, 151 Ga. 270, 275 (106 SE 274).

By a 1966 Act of the General Assembly, it is now required that a party object to the giving of an instruction to the jury, before the jury returns its verdict, "stating distinctly the matter to which he objects and the grounds of his objection." Ga. L. 1966, p. 493. And it is necessary to object during the trial to harmful statements or conduct of the court and counsel. "A party cannot remain quiescent until after the verdict and then avail himself of the remarks made by the court . . . where the verdict is adverse." *Moore v. McAfee*, 151 Ga. 270, 275, supra; *Pulliam v. State*, 196 Ga. 782, 783 (28 SE2d 139) (overruling *Potter v. State*, 117 Ga. 693 (45 SE 37)); and *Allen v. State*, 194 Ga. 178 (21 SE2d 73); *Flanigan v. Reville*, 107 Ga.

App. 382, 383 (130 SE2d 258); *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384, 386 (130 SE2d 355). The policy clearly expressed by our legislature and our appellate courts is that, in the interest of effective and efficient administration of justice, counsel have a duty to take action to call to the court's attention incidents during the trial that may cause unfair prejudice to their clients, and the trial court has the duty, when such an incident has occurred or is likely to occur, to act to prevent the prejudicial incident or effect. I shall adhere to this policy in future judgments in which I participate.