## 42170. DANIELS v. THE STATE.

HALL, Judge. The defendant was indicted for murder and convicted of voluntary manslaughter and received a sentence of sixteen years. On appeal the defendant enumerates as error the trial court's failure to instruct the jury on the law of involuntary manslaughter.

1. The testimony of witnesses presented by the defendant and the defendant's unsworn statement showed that the gun fired accidentally while the defendant was passing it to the deceased at his request, and that the defendant had no intention to shoot the deceased. The court charged the jury on the law applicable to accidental and unintentional shooting, and that they should acquit the defendant if they found the deceased's death resulted from an accident. Under the evidence and the charge in this case, the court did not err in failing to charge the law of involuntary manslaughter. *Washington v. State,* 137 Ga. 218, 222 (73 SE 512); *Golatt v. State,* 130 Ga. 18 (60 SE 107); *Daniel v. State,* 171 Ga. 335, 342 (155 SE 478). There was no evidence that the defendant killed the deceased in the commission of a lawful act without due caution and circumspection, as there was in *Ware v. State,* 101 Ga. App. 246 (113 SE2d 470) and other cases cited by the defendant.

2. During the solicitor's argument to the jury the defendant objected to argument in which the solicitor referred to the defendant as a killer as prejudicial and improper. In view of the evidence before the jury, the trial court did not err in failing to correct, reprimand, or admonish the solicitor. *Revill v. State,* 210 Ga. 139, 140 (78 SE2d 12); *Byrd v. State,* 78 Ga. App. 824, 833 (52 SE2d 330).

*Judgment affirmed.* *Nichols, P. J., and Deen, J., concur.*

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966.

*Pritchard & Thomas, M. C. Pritchard,* for appellant.
*Dewey Hayes, Solicitor General, Delmar Minchew,* for appellee.