### 43481.   CROWE v. THE STATE.

JORDAN, Presiding Judge.   The accused was tried for assault with intent to murder and convicted of assault and battery. He made an unsworn statement to the jury, the prosecutor did not attempt cross examination, and the trial court instructed the jury in part that "in this State the defendant has a right to make to the jury and court just such statement in his own defense as he may deem fit and proper. *In doing so, he is not under oath and is not subject to cross examination except by his own consent.   He incurs no penalty by failure to tell you the truth.*   However, I charge you [that] you may believe his statement as a whole, you may reject it as a whole, you may believe it in part, [or] you may believe it in preference to the sworn testimony in the case provided that you believe it to be the truth." *Held:*

1. While the italicized portion of the charge is correct as an abstract principle of law concerning an unsworn statement, and is in language substantially identical to that which has

met the approval of the courts of this State prior to 1962 (e.g., see *Poppell v. State,* 71 Ga. 276, 278; *Murray v. State,* 85 Ga. 378, 381 (11 SE 655) ; *Teasley v. State,* 105 Ga. 842 (1) (32 SE 335) ; *Ryals v. State,* 125 Ga. 266 (1) (54 SE 168) ; *Harper v. State,* 129 Ga. 770, 774 (59 SE 792) ; *Goolsby v. State,* 133 Ga. 427 (66 SE 159) ; *Thurmond v. State,* 198 Ga. 410, 417 (31 SE2d 804) ; *Ash v. State,* 109 Ga. App. 177 (3) (135 SE2d 507) ; *Huff v. State,* 113 Ga. App. 257, 264 (147 SE2d 840) ; cf. *Gibbs v. State,* 112 Ga. App. 272 (2) (145 SE2d 43) ; *Wright v. State,* 113 Ga. App. 436, 438 (148 SE2d 333)) the statute as amended in 1962 (Ga. L. 1962, pp. 133, 134; *Code Ann.* § 38-415) expressly recognizes the right of an accused to be sworn and testify as any other witness, and prohibits any comment whatsoever on his failure to do so. We consider the distinction made by the trial court between an unsworn statement and testimony, in charging that the accused is not under oath and incurs no penalty by failure to tell the truth, as tantamount to a direct comment on his failure to submit to the compulsion of an oath, and such a comment is no longer permissible under the express prohibition of the amended statute, and to this extent the trial judge erred in his instructions. See *McCann v. State,* 108 Ga. App. 316 (1) (132 SE2d 813) ; *Carter v. State,* 107 Ga. App. 571 (130 SE2d 806). We do not consider the charge prejudicial, however, to the extent that it informs the jury that the accused, in making an unsworn statement, is not subject to cross examination without his consent, although this comment is illustrative only of a rule of procedure and is not adjusted to the facts of the case, there being nothing in the record to show any effort to cross examine the accused on his unsworn statement.

2. In view of reversal for the reasons set forth above no ruling is made on the sufficiency of the evidence to support conviction. The remaining contentions are without merit.

*Judgment reversed. Pannell and Deen, JJ., concur.*

Submitted March 6, 1968—Decided April 3, 1968.

*Fullbright & Duffey, Harl C. Duffey,* for appellant.
*Jere F. White, Solicitor General,* for appellee.