## 44056. HATLEY v. THE STATE.

FELTON, Chief Judge. 1. The appeal from the judgment overruling the general grounds of the motion for a new trial must be treated as abandoned by the failure to argue them. *Underwood v. Ranger Mfg. Co.*, 116 Ga. App. 803 (159 SE2d 144), and cit.

2. Enumerated error 7 complains of the following excerpt from the court's charge to the jury: "Gentlemen, under the law, the defendant could not be compelled to be cross examined. I charge you, however, that in all criminal trials the defendant is allowed to make to the court and jury such statement in his own behalf as he sees fit to make. His statement is not under oath and you are authorized to give it only such weight and credit as you think it is entitled to receive. You may believe it in whole or in part, you may believe it in preference to the sworn testimony in this case, or you may disbelieve it altogether."

Although the defendant made no objection to the above instruction prior to the return of the verdict, as he was required to do under the then existing law (*Code Ann.* § 70-207 (a); Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498), he was not required to so object under the subsequently exacted amendment to that section (Ga. L. 1968, pp. 1072, 1078, § 17a), which latter law must govern in the case. *Hill v. Willis*, 224 Ga. 263, 264 (161 SE2d 281).

Subsequently to the enactment of Ga. L. 1962, pp. 133, 134,

amending *Code Ann.* § 38-415, the Supreme Court approved the following instruction: "The defendant has the right to make to the court and jury such statement in his own defense as he may deem proper. *The defendant's statement is not under oath* and it shall have such force only as the jury may think right to give it." (Emphasis supplied.) *Waldrop v. State*, 221 Ga. 319 (7) (144 SE2d 372). The remainder of the instruction in the instant case is substantially the same as that portion of a similar instruction which was not held to be proscribed in *Crowe v. State*, 117 Ga. App. 598 (161 SE2d 512). The instruction as to the defendant's not being compelled to be cross examined is substantially the same as a portion of the italicized, proscribed instruction in the *Crowe* case, supra. However the court in that case held, on p. 599, that said comment was not prejudicial, being "illustrative only of a rule of procedure and is not adjusted to the facts of the case, there being nothing in the record to show any effort to cross examine the accused on his unsworn statement." The only remaining proscribed comment in *Crowe*, supra, i.e., "He incurs no penalty by failure to tell you the truth," was not made in the instant case. Enumerated error 7 is without merit.

3. In this trial for murder, the court's instruction as to the lesser offense of manslaughter was favorable to the defendant and, when considered along with the charge as a whole, was not argumentative. Enumerated error 9 is not meritorious.

4. The court did not err in recharging the jury upon a particular phase of the case, whether the jury requested it (*Suber v. State*, 37 Ga. App. 816 (2) (142 SE 216), and cit.), or not (*Hyde v. State*, 196 Ga. 475, 491 (8) (26 SE2d 744), and cit.). Nor was it error for the court to state to the jury, "Now, I want you to take all the time you wish to deliberate the case, and this is not to try to hurry you at all under any circumstances," after which he gave them information regarding the closing time of the parking lot in which the jurors' automobiles were parked and how they could get them after such time, etc. Even if the remarks objected to were understood as a request to reach a verdict soon, which is doubtful, such a request would not be error. *Hill v. State*, 114 Ga. App. 527, 529 (151 SE2d 818), and cit.; *O'Bryant v. State*, 222 Ga. 326 (6) (149 SE2d 654); *Cook v. State*, 29 Ga. App.

270 (114 SE 925); *Hamilton v. State,* 118 Ga. App. 842 (3) (165 SE2d 884). Enumerated error 10 is without merit.

5. The court did not abuse its discretion in directing the defendant, in his unsworn statement, not to go into other matters concerning other occasions which were not shown to be relevant and material to the instant case. *James v. State,* 71 Ga. App. 867, 871 (32 SE2d 431), and cit. Counsel for defendant waived the right to raise this objection to the ruling by failing thereafter to communicate to the trial court his wish to try to show the relevancy and materiality of the matters ruled out by connecting them up with other facts which counsel proposed to show to the court by evidence or additional statements of the defendant. Enumerated error 14 is without merit.

6. "Where the evidence and the statement, taken together or separately, raise a doubt, although slight, as to the intention to kill, the law of involuntary manslaughter should be given in charge. . ." *Warnack v. State,* 3 Ga. App. 590 (2) (60 288), and cit.; *Ware v. State,* 101 Ga. App. 246 (1) (113 SE2d 470). While there was evidence that, at the same time the shotgun was discharged, someone struck or pushed the defendant, which authorized the charge on death by accident or misfortune, there was also evidence that, immediately prior to the shooting, the defendant was pointing the weapon alternately at the deceased and at another woman, which is an unlawful act. Ga. L. 1880-1881, p. 151 (*Code* § 26-5107). Thus, unlike the case of *Hicks v. State,* 216 Ga. 574, 577 (118 SE2d 364), and cases therein cited, in which the evidence demanded a finding that the homicide was either murder or accidental homicide, in the present case the evidence would have authorized a finding that the homicide was either murder,. voluntary manslaughter, accidental homicide, or involuntary manslaughter in the commission of an unlawful act. The trial judge, therefore, erred in failing to charge the jury even without request the law on involuntary manslaughter, as complained of in enumerated error 15.

The court erred in rendering judgment on the verdict for the reason discussed in Division 6, hereinabove.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

Argued November 7, 1968—Decided March 13, 1969.

Burress, Bell & Nylen, Stanley H. Nylen, for appellant.

Lewis R. Slaton, Solicitor General, Carter Goode, Tony H. Hight, for appellee.