45886.   HOWELL v. THE STATE.

EBERHARDT, Judge. Appellant was indicted for murder, carrying a pistol without a license, and for carrying a concealed weapon. He was convicted of voluntary manslaughter and of the two weapon charges, sentenced to 14 years on the manslaughter charge with 12 months to follow on the other counts, moved for a new trial, from the overruling of which he appeals.

1. Under the State's evidence the defendant was clearly guilty of the offense of murder or of voluntary manslaughter. It was shown that he had made threats against the deceased shortly before the shooting, that he followed the deceased from a bar

or lounge out to the sidewalk where they engaged in a wrestle, went down to the ground and a shot was fired from defendant's pistol which resulted in the victim's death. The victim was unarmed, and his left arm was withered.

However, the defendant, testifying under oath, asserted that he had not intended to kill but had drawn his gun thinking it would scare the victim and thus stop the encounter, that he had not intended to pull the trigger of the gun and really had no recollection of doing so. This raised a theory of involuntary manslaughter—of an unintentional firing of the gun and killing while in the commission of an unlawful act. *Jones v. State,* 58 Ga. App. 373 (198 SE 564); *Baker v. State,* 12 Ga. App. 553 (1) (77 SE 884); *Leonard v. State,* 133 Ga. 435 (5) (66 SE 251).

It is true that the defendant also testified that he shot the deceased because he felt it necessary to do so in order to save his own life, and thus that his testimony was in sharp conflict as to whether he had intended to shoot the deceased. The circumstances of the shooting, and the defendant's evidence that it was unintentional is weak, but it was for the jury to determine which of his theories, if either, it would accept, or whether it would disregard both his contention that the shooting was unintentional and that he had shot the deceased in self-defense, and adopt the State's theory that the killing was either murder or voluntary manslaughter.

The theory of involuntary manslaughter was injected only by the testimony of the defendant. If he had been making an unsworn statement there would have been no error in failing to charge on this theory, since there was no request for it. However, since he testified under oath, the court was under a duty to charge on all theories of defense presented, even without request to do so. See *Jackson v. State,* 91 Ga. 271 (3) (18 SE 298) (44 ASR 22); *Jones v. State,* 58 Ga. App. 373, supra; *Dorsey v. State,* 126 Ga. 633 (55 SE 479).

Where the evidence (and the defendant's statement, if one was made), taken together or separately, raise a doubt, although slight, as to the intention to kill, the law of involuntary manslaughter should be given in charge. *Warnack v. State,* 3 Ga. App. 590 (2) (60 SE 288); *Hatley v. State,* 119 Ga. App. 371 (6)

308

(167 SE2d 217).

2. There was no proscribed expression of opinion by the court in giving in charge the proposition that "if you do not believe beyond a reasonable doubt, under the evidence, that the defendant is guilty of murder, you would then consider whether or not the defendant is guilty of the lesser grade of homicide, which it could be if you should so find under this case as made in the indictment, and that is voluntary manslaughter."

3. The defendant contended that he and the deceased had engaged in a mutual combat, and the court charged the law pertaining to that matter, in connection with which it was asserted that to justify a killing while engaged in mutual combat it must appear that "the danger was so urgent and pressing at the time of the killing that in order to save his own life the killing of another was absolutely necessary, and also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the final shot was fired."

It is appellant's contention that this amounted to the expression of an opinion by the court that more than one shot was fired. We think it obvious that the court intended to describe the shot as "fatal" rather than "final" and that this was a mere lapsus linguae, affording no reversible error. Nor do we find the charge to be argumentative, as appellant contends.

*Judgment reversed for the reason stated in Division 1. Hall, P. J., and Whitman, J., concur.*

ARGUED JANUARY 13, 1971—DECIDED FEBRUARY 11, 1971.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Tony H. Hight, J. Melvin England,* for appellee.