### 46519. SMITH v. THE STATE.

DEEN, Judge. The accused was tried and convicted for the offense of burglary, and appeals from the denial of his motion for new trial. He made an unsworn statement to the jury and the trial court instructed the jury in part that "during the trial of this case the defendant made a statement in his own behalf, as he had a right under the law to do. Now this statement is not under oath, and it is *not subject to cross examination without his consent." Held:*

1. Substantially identical language as the italicized portion of this charge was approved in *Crowe v. State,* 117 Ga. App. 598, 599 (161 SE2d 512), although the case was reversed on additional wording of the charge. Appellants strongly contend that the holding in the *Crowe* case, supra, is in conflict with the holdings in the cases of *Gibbs v. State,* 112 Ga. App. 272 (145 SE2d 43) and *Wright v. State,* 113 Ga. App. 436 (148 SE2d 333). We do not agree. During the trial defendant made an unsworn statement. Subsequently, the State addressed the court: "Your

Honor, may the State inquire of the defendant if he wishes to waive his right and allow the State to ask him some questions?" The court replied: "No, sir, you may not." While a defendant making an unsworn statement may consent to cross examination (*King v. State,* 24 Ga. App. 49 (99 SE 784)), it is clear that no cross examination may take place unless the accused first consents thereto. *Roberts v. State,* 189 Ga. 36, 41 (5 SE2d 340). The wording of the charge under consideration places this case in the category of *Ash v. State,* 109 Ga. App. 177 (135 SE2d 507) and *Crowe v. State,* supra, rather than *Gibbs* and *Wright,* supra. One theory presupposes a cross examination, the other, there will be no cross examination without his consent. The better rule with reference to unsworn statements would be to go no further than to say the defendant cannot be cross examined. Where, as here, the State expressed a desire to cross examine defendant, the court in effect said in his charge to the jury that this cannot be done without defendant first consenting thereto. The trial court did not err in his charge to the jury.

2. There is no merit in the general grounds of the motion for new trial, as the evidence amply supports the verdict.

> *Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED SEPTEMBER 8, 1971—DECIDED OCTOBER 1, 1971.

*Hardaway Young, III,* for appellant.
*Richard Bell, District Attorney, Bryan M. Cavan,* for appellee.