## A93A1156. WHITE v. THE STATE.
### (440 SE2d 50)

Cooper, Judge.

Appellant shot and killed the victim and was indicted for murder. He was convicted by a jury of aggravated assault and appeals from the judgment of conviction and the denial of his motion for a new trial. Appellant's sole enumeration of error is the trial court's failure to charge the jury on involuntary manslaughter in the commission of a lawful act in an unlawful manner.

Involuntary manslaughter is the unintentional killing of a person "by the commission of an unlawful act other than a felony" (OCGA § 16-5-3 (a)) or "by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm" (OCGA § 16-5-3 (b)). A person who commits involuntary manslaughter by a lawful act in an unlawful manner is guilty of a misdemeanor. The evidence reveals that appellant, the victim and four others were at a friend's trailer playing cards. Before the card game began appellant placed his gun on the floor behind him. Appellant and the victim began playing for money, and at the end of the game, appellant owed the victim four or five dollars. The testimony was conflicting about the events following the card game. The victim's brother testified that the victim told appellant that appellant owed him four or five dollars and appellant replied "I don't owe you nothing but this" and got his gun and shot the victim. Another person who was present in the trailer testified that the victim asked appellant when appellant was going to pay him the money and appellant took his gun, pointed it at the victim and shot him. Two other persons present in the trailer stated that as appellant was getting ready to leave, he picked up the gun and brought it in front of him to put in his pants when the gun fired striking the victim. Appellant testified that the gun went off accidentally while he held it in front of him to put it in his pants.

A firearms examiner with the State Crime Laboratory testified that the gun operated in either a single or double action mode. In the single action mode, the hammer part of the gun is pulled back and the person firing the gun must exert four pounds of pressure on the trigger to get it to fire. In the double action mode, the hammer part of the gun is not pulled back and the person firing the gun must exert ten pounds of pressure on the trigger to fire the gun. The firearms

expert also testified that he tested the gun from both a single action and double action mode to determine whether it would accidentally discharge and he was unable to make the weapon discharge without pulling the trigger with the requisite amount of force.

We first address the State's contention that appellant's request for a charge on involuntary manslaughter was not timely. Appellant submitted a request to charge on lawful act-unlawful manner involuntary manslaughter but subsequently withdrew it during the charge conference held at the conclusion of the State's case. However, the charge conference was continued to the next day, and at that time, appellant resubmitted his request for a charge on involuntary manslaughter. The trial judge heard argument about the charge and informed the parties of his decision not to give the charge prior to their closing arguments. We conclude that the request was timely, and the State's argument to the contrary is without merit.

Appellant contends that he was entitled to a charge on lawful act-unlawful manner involuntary manslaughter because his defense was that the gun discharged accidentally. Specifically, he argues that the jury could have concluded that the lawful act was his possession of the firearm and that the manner in which he handled the firearm was unlawful. Appellant maintained throughout the trial that the gun discharged accidentally. He explained that while playing cards he may have kicked the gun causing the hammer to pull back, and then when he picked up the weapon to put it in his pants, his hand or finger may have hit the trigger causing it to fire. However, appellant failed to show that his possession of the gun was lawful. OCGA § 16-11-128 (a) provides that a person commits the offense of carrying a firearm without a license when he carries "outside of his home, motor vehicle or place of business, any pistol or revolver without having on his person a valid license. . . ." The evidence is undisputed that appellant was neither at his home or place of business nor in his car at the time of the shooting, and there is also no evidence that appellant had a valid license on his person when the shooting occurred. Since there was no evidence that appellant was engaged in a lawful act at the time the victim was killed, the charge was not authorized, and the trial court did not err in refusing to give the charge. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976); *Daniels v. State*, 114 Ga. App. 264 (1) (150 SE2d 844) (1966).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 16, 1993 —
RECONSIDERATION DENIED JANUARY 7, 1994 — 

*Johnson & Turner, E. Preston Johnson, Jr.,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.